

1  E. Scott Palmer (SBN 155376)
   Email: spalmer@pldlawyers.com
2  Frederick A. Haist (SBN 211322)
   Email: fhaist@pldlawyers.com
3  PALMER, LOMBARDI & DONOHUE LLP
   888 West 6th Street, 12th Floor
4  Los Angeles, California 90017
   Phone:  (213) 688-0430
5  Fax:  (213) 688-0440

6  Attorneys for GMAC Mortgage, LLC (erroneously sued as GMAC Wholesale
   Mortgage Corporation)

7

8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12  YOUNG BIN KIMBERLY LEE, an          Case No.  CV09-06099 DSF (CWx)
    individual,
13
             Plaintiff,                 **NOTICE OF REMOVAL OF CIVIL**
14                                       **ACTION BY DEFENDANT GMAC**
    vs.                                  **MORTGAGE, LLC PURSUANT TO**
15                                       **28 U.S.C. SECTION 1441**
    FIRST NATIONAL BANK OF
16  ARIZONA, formerly Arizona           [Complaint Filed: July 14, 2009]
    corporation; FIRST NATIONAL
17  BANK OF NEVADA, formerly a
    Nevada corporation; THE FEDERAL     [FEDERAL QUESTION]
18  DEPOSITORY INSURANCE
    COMPANY, a Federal agency as
19  receiver for FIRST NATIONAL
    BANK OF ARIZONA and FIRST
20  NATIONAL BANK OF NEVADA;
    WELLS FARGO, NA, a National
21  Association organized and existing
    under the laws of the United States;
22  GMAC WHOLESALE MORTGAGE
    CORPORATION, a Delaware
23  corporation; and DOES 1-10,
    inclusive,
24
             Defendants.
25

26

27      TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

28  DISTRICT OF CALIFORNIA:

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1  PLEASE TAKE NOTICE that, pursuant to sections 1441 and 1331 of Title 28

2  of the United States Code, Defendant GMAC Mortgage, LLC (erroneously sued as

3  GMAC Wholesale Mortgage Corporation) ("GMAC") hereby removes the action

4  entitled *Young Bin Kimberly Lee v. First National Bank of Arizona, formerly*

5  *Arizona corporation; First National Bank of Nevada, formerly a Nevada*

6  *corporation; The Federal Depository Insurance Company, A Federal agency as*

7  *receiver for First National Bank of Arizona and First National Bank of Nevada;*

8  *Wells Fargo, NA, a National Association organized and existing under the laws of*

9  *the United States; GMAC Wholesale Mortgage Corporation, a Delaware*

10 *corporation; and DOES 1-10, inclusive, Defendants,* Superior Court of the State of

11 California for the County of Los Angeles, case no. BC 417866 (the "Action") to the

12 United States District Court for the Central District of California on the following

13 grounds:

14  1.  On or about July 14, 2009, Plaintiff Young Bin Kimberly Lee filed the

15 Action in California state court.  Defendant the Federal Deposit Insurance

16 Corporation (erroneously sued as the Federal Depository Insurance Company), a

17 Federal agency as receiver for First National Bank of Arizona and First National

18 Bank of Nevada was served with the Summons and Complaint on July 22, 2009.

19 Defendant GMAC and Wells Fargo, N.A. (erroneously sued as Wells Fargo, NA, a

20 National Association organized and existing under the laws of the United States)

21 were served with the Summons and Complaint on July 27, 2009.  A true and correct

22 copy of the Proofs of Service, Summons and Complaint in the Action is attached

23 hereto as Exhibits A-E.  Based on the foregoing, Defendant has timely filed this

24 Notice of Removal.  *See* 28 U.S.C. section 1446.  Exhibits A-E constitute the entire

25 state court file.

26  2.  According to the court docket on the Los Angeles County Superior

27 Court website, located on the internet at www.lasuperiorcourt.org, proofs of service

28 were filed indicating service on each and all of the remaining Defendants: 1) The

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1   Federal Deposit Insurance Corporation (erroneously sued as the Federal Depository

2   Insurance Company), a Federal agency as receiver for First National Bank of

3   Arizona, served on July 22, 2009; 2) The Federal Deposit Insurance Corporation

4   (erroneously sued as the Federal Depository Insurance Company), a Federal agency

5   as receiver for First National Bank of Nevada, served on July 22, 2009; and 3) Wells

6   Fargo, N.A. (erroneously sued as Wells Fargo, NA, a National Association

7   organized and existing under the laws of the United States), served on July 27, 2009.

8   Each of these Defendants has signed a joinder consenting to GMAC's removal.

9   Each joinder is being filed concurrently herewith.

10          3.      The Action is a civil action of which this Court has jurisdiction under

11   28 U.S.C. section 1331 and is one which may be removed to this Court by

12   Defendant pursuant to the provisions of 28 U.S.C. section 1441 in that the Action

13   involves a federal question that can be ascertained from the face of Plaintiff's

14   complaint.  Plaintiff, in her Complaint, alleges the following claim which involve

15   federal questions and laws: 1) First Cause of Action for Violation of the Federal

16   Truth in Lending Act (15 U.S.C. section 1601); 2) Second Cause of Action for

17   Violation of the Real Estate and Settlement Procedures Act (12 U.S.C. section

18   2601); 3) Third Cause of Action for Violation of the Fair Housing Act (42 U.S.C.

19   section 3605); and 4) Fourth Cause of Action for Violation of the Equal Credit

20   Opportunity Act (15 U.S.C., section 1691).  [Complaint pp. 22-28, 29-34, 35-41, 42-

21   47, attached to Notice of Removal, as Exhibit A.]

22          4.      Defendant GMAC is contemporaneously filing a copy of this Notice of

23   Removal with the Clerk of the Superior Court of the State of California, County of

24   Los Angeles and it will be served on Plaintiff concurrently.  Defendant will serve

25   ///

26   ///

27   ///

28   ///

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT GMAC MORTGAGE, LLC
PURSUANT TO 28 U.S.C. SECTION 1441

1   Plaintiff with copies of this Notice of Removal and the notice filed in State Court.

2   A true and correct copy of written notice sent to the Clerk of the Superior Court and

3   Plaintiff is attached hereto as Exhibit F.

4

5   DATED: August 20, 2009          PALMER, LOMBARDI & DONOHUE LLP

6

7

8   By _____

9   E. SCOTT PALMER
    FREDERICK A. HAIST

10  Attorneys for Defendant GMAC
    Mortgage, LLC (erroneously sued as

11  GMAC Wholesale Mortgage
    Corporation)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT GMAC MORTGAGE, LLC
PURSUANT TO 28 U.S.C. SECTION 1441

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

**EXHIBIT A**

1 | Timothy D. Thurman, State Bar No. 216048
2 | TRINITY LAW ASSOCIATES, INC.
3 | 3470 Wilshire Blvd., Suite 930
   | Los Angeles, California 90010
4 | Tel: (213) 384 9000; Fax: (213) 402 3262
5 | tim.thurman@trinlaw.com
6 |
7 | Attorneys for Plaintiff,
   | YOUNG BIN KIMBERLY LEE

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 14 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, POMONA COURTHOUSE

| | |
|---|---|
| YOUNG BIN KIMBERLY LEE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FIRST NATIONAL BANK OF ARIZONA, formerly a Arizona corporation; FIRST NATIONAL BANK OF NEVADA, formerly a Nevada corporation; THE FEDERAL DEPOSITORY INSURANCE COMPANY, a Federal agency as receiver for FIRST NATIONAL BANK OF ARIZONA and FIRST NATIONAL BANK OF NEVADA; WELLS FARGO, NA, a National Association organized and existing under the laws of the United States; GMAC WHOLESALE MORTGAGE CORPORATION, a Delaware | CASE NO.: **BC417866** <br><br> **COMPLAINT FOR:** <br><br> 1. VIOLATION OF TRUTH IN LENDING ACT, 15 U.S.C. § 1601 <br> 2. VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. § 2601 <br> 3. VIOLATION OF FAIR HOUSING ACT, 42 U.S.C. § 3605 <br> 4. VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT, 15 U.S.C. § 1691 <br> 5. VIOLATION OF UNRUH ACT, CALIFORNIA CIVIL CODE § 51 <br> 6. FRAUD <br> 7. VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ. |

1

PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION

corporation; and DOES 1-10,        )    **8.  BREACH OF THE IMPLIED**
inclusive,                          )    **COVENANT OF GOOD FAITH**
                                    )    **AND FAIR DEALING**
            Defendants.             )    **9.  DECLARATORY RELIEF**

**COMES NOW** Plaintiff, **YOUNG BIN LEE**, who herein complains and alleges as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff institutes this action for actual and compensatory damages, statutory damages, rescission, punitive damages, attorney fees, and costs of this action against Defendants for violations of the following federal statutes and state law claims:

> a.  Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, (hereinafter TILA), and Regulation Z, 12 C.F.R. § 226 *et seq.*;
>
> b.  Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, (hereinafter RESPA), and Regulation X, 24 C.F.R. § 3500 *et seq.*;
>
> c.  Fair Housing Act, 42 U.S.C. § 3205;
>
> d.  Equal Credit Opportunity Act, 15 U.S.C. § 1691;
>
> e.  Unruh Act, California Civil Code § 51;
>
> f.  Fraud;
>
> g.  California Business & Professions Code § 17200;
>
> h.  Breach of the Implied Covenant of Good Faith and Fair Dealing;
>
> i.  Declaratory Relief.

2.     The Plaintiff only recently discovered the violations of these laws. As Plaintiff is not familiar with, or have any expertise in, mortgage transactions, and does not speak English as a first language, and was never provided any of the loan transaction documentation in her native Korean language, Plaintiff did not and could not have reasonably discovered these violations despite due diligence. As such, this

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

1  action is timely as any and all applicable statutes of limitations were equitably tolled

2  pursuant to federal and/or state law.

3      3.    Venue is proper within this district because: (i) the relevant contract was

4  entered into within this district, and (ii) the Defendants, and each of them, has/have or

5  is/are doing business within the district.

6

7                              **PARTIES**

8      4.    Plaintiff YOUNG BIN KIMBERLY LEE [hereinafter, referred to as

9  "Plaintiff" or "LEE"] is an individual who at all times relevant hereto is a resident of

10  the City of Upland, County of San Bernardino, State of California.

11      5.    Plaintiff is informed and believes, and thereupon alleges that Defendant

12  FIRST NATIONAL BANK OF ARIZONA, was a Arizona corporation, but conducting

13  business as a financial institution in Nevada, California and Arizona [hereinafter,

14  referred to as "FNBA"]. Here, Defendant FNBA lent the Plaintiff money to finance the

15  purchase of her property. Plaintiff is informed and believes and thereupon alleges that

16  FNBA was bought by Defendant FIRST NATIONAL BANK OF NEVADA.

17      6.    Plaintiff is informed and believes, and thereupon alleges that Defendant

18  FIRST NATIONAL BANK OF NEVADA, was a Nevada corporation, but conducting

19  business as a financial institution in Nevada, California and Arizona [hereinafter,

20  referred to as "FNBN"]. Here, Plaintiff is informed and believes and thereupon alleges

21  that FNBN bought the assets of FNBA, including the Plaintiff's loan.

22      7.    Defendant WELLS FARGO BANK, NA, is a National Association,

23  organized and existing under the laws of the United States, but conducting business as a

24  financial institution in the State of California [herein referred to as "WELLS FARGO"].

25  The Plaintiff is informed and believes, and thereupon alleges that WELLS FARGO, at a

26  time unbeknownst to Plaintiff became a servicer or Note holder of the Plaintiff's loan.

27      8.    Defendant GMAC WHOLESALE MORTGAGE CORP., is a corporation

28  of uknonwn jurisdiction, but conducting business as a financial institution or mortgage

1  servicer in the State of California [herein referred to as "GMAC"].  The Plaintiff is
2  informed and believes, and thereupon alleges that GMAC, at a time unbeknownst to
3  Plaintiff became a servicer or Note holder of the Plaintiff's loan.

4      9.    Plaintiff is unaware who the current holder of her loan is.  Plaintiff is
5  informed and believes, and thereupon alleges that the owner of the Note is likely
6  WELLS FARGO or GMAC.

7      10.   Defendants DOE 1 through 10, inclusive, are sued under fictitious names
8  because their true names and capacities are unknown to Plaintiff. Plaintiff is informed
9  and believes, and thereon alleges, that each fictitiously named DOE defendant is
10  responsible in some manner for the violations of law herein alleged, and that Plaintiff's
11  damages were caused by those DOE defendants. Plaintiff will amend this Complaint to
12  add the true names of the fictitiously named DOE Defendants once they are discovered.
13  Whenever reference is made in this Complaint to "Defendants," such reference shall
14  include Does 1 through 10.

15      11.   Plaintiff is informed and believes, and thereon alleges, that at all times
16  relevant herein each of the defendants was the agent, servant, and/or employee of all the
17  other defendants and was acting within the scope of her or her authority as agent,
18  servant, and/or employee with the permission and consent of her or her co-defendants.

19      12.   Whenever in this Complaint reference is made to any act of Defendants,
20  such allegation shall be deemed to mean the act of each defendant acting individually
21  and jointly with the other Defendants named in that cause of action.

22

23              **COMMON FACTUAL ALLEGATIONS**

24      13.   On or about July 31, 2006, the Plaintiff purchased certain real property
25  located at 145 East Harmon Avenue, Unit 1618, Building A, Las Vegas, Nevada 89109
26  (hereinafter, "Property"). The Plaintiff has the ability to tender payment for one or both
27  loans if required.  The Plaintiff bought the Property and has utilized the Property as a
28  second home.

*TRINITY LAW ASSOCIATES*
*3470 Wilshire Blvd., Suite 930*
*Los Angeles, California 90010*
*Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com*

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

14. The Plaintiff financed her loan with a loan from Defendant FNBA, in the principal amount of $318,750. A copy of the Note was NOT provided to the Plaintiff.

15. Indeed, in violation of TILA and RESPA, essentially the only document given to the Plaintiff at the close of the loan was the HUD-1 statement. FNBA failed to provide copies of the Note, the Truth in Lending Act Disclosure Statement (TILDS), or even the Deed of Trust. Accordingly, the Plaintiff is unaware of virtually every term of her loan, other than what is provided on the mortgage statement each month. Currently, the Plaintiff is informed and believes, and thereupon alleges that the payments each month are $2457.00 at 8.25%. The failure to include documents such as the Note or the TILDS constitutes a violation of both TILA and RESPA, and is a solitary example of the Defendants' attempt to defraud the Plaintiff because the Plaintiff had no way to verify the true costs of the loan.

16. Plaintiff is informed and believes and thereupon alleges, that the loan (or at least the servicing) was transferred to Defendant GMAC and then to Defendant WELLS FARGO. Plaintiff is informed and believes that the transfer of the loan violated RESPA because the necessary disclosures were not given to the Plaintiff prior to the transferring of the loan.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant FNBA was aware throughout the underlying mortgage transaction that the Plaintiff speaks Korean as a primary language, because the mortgage negotiations were conducted in Korean. However, all of the documents Defendant provided to Plaintiff, including the ARM note and accompanying disclosures, were in English. Plaintiff was never provided any of the loan documents in Korean. Furthermore, Defendant FNBA made no attempt to translate or otherwise explain the terms contained in those documents to Plaintiff. Plaintiff alleges that this is another example of the attempt by Defendants to defraud the Plaintiff.

18. The Plaintiff lacked expertise with mortgage transactions, and did not fully understand the terms of her loan, including how the interest rates, finance charges, costs

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000; Fax: (213) 402 3262; timothy.thurman@trinlaw.com

1  and fees were computed.  Plaintiff is informed and believes, and thereon alleges, that

2  Defendant FNBA's conduct, as alleged above, is part of a pattern and practice of

3  predatory lending directed at borrowers of the Korean race, ethnicity or national origin

4  who, like Plaintiff, speak and read little English, by making loans on terms less

5  favorable than those available to similarly situated white customers.  Moreover,

6  Plaintiff alleges on information and belief that Defendant FNBA regularly made loans

7  it knew, or should have known, cannot be repaid, thereby exposing its financially

8  unsophisticated borrowers to unwarranted risk of default and foreclosure.

9      19.    Defendants FNBN, FDIC, GMAC, and WELLS FARGO are liable for the

10  actions of FNBA as successors in interest to FNBA.

11      20.    The relevant statutes of limitations are tolled because of Defendant FNBA

12  deceptive actions described above in hiding the terms of the loan.

13      21.    Plaintiff's loan is presently in default, and there is a threat of foreclosure

14  on her home.

15

16  COUNT I

17  VIOLATION OF TRUTH IN LENDING ACT

18  [15 USC § 1601]

19  —(ALL DEFENDANTS)

20      22.    Plaintiff repeats and re-alleges each and every allegation contained in

21  the above paragraphs and incorporates the same as though fully set forth at length.

22      23.    At all relevant times, Defendants were "creditors" as that term is

23  defined in § 103 of the TILA, 15 U.S.C. § 1602, and § 226.2(a)(17) of Regulation Z,

24  12 C.F.R. § 226.2(a)(17), and therefore are required to comply with the applicable

25  provisions of the TILA and Regulation Z, and other applicable laws.

26      24.    The transactions which are the subject of this lawsuit are subject to the

27  right of rescission because either the loan was a non-exempt loan under TILA for

28

1  purposes of rescission, or Defendants otherwise treated the transaction as
2  rescindable.

3       25.    On information and belief, in the course and conduct of offering and
4  extending credit, Defendant FNBA violated the requirements of the TILA and
5  Regulation Z, and other applicable laws, in one or more of the following ways
6  within one year of the Closing Date:

7       a.  Failing to make required TILA disclosures in the required manner
8           and form before consummating a consumer credit transaction in
9           violation of §§ 121 and 128 of the TILA, 15 U.S.C. §§ 1631 and
10          1638, and §§ 226.17 and 226.18 of Regulation Z, 12 C.F.R. §§
11          226.17 and 226.18;

12      b.  Failing to timely make or correct certain "good faith" disclosures in
13          violation of § 226.19 of Regulation Z, 12 C.F.R. § 226.19;

14      c.  Overstating the amount financed in violation of § 128 of the TILA,
15          15 U.S.C. § 1638, and § 226.18(b) of Regulation Z, 12 C.F.R. §
16          226.18(b);

17      d.  Making disclosures that do not reflect accurately the legal obligation
18          between the parties in violation of § 128 of the TILA, 15 U.S.C. §§
19          1638, and § 226.17(c) of Regulation Z, 12 C.F.R. § 226.17(c);

20      e.  Failing to provide a good faith estimate within three (3) days of the
21          loan application, in violation of Regulation Z §§ 226.17(b) and
22          226.19(b)(2);

23      f.  Failing to provide the Consumer Handbook on Adjustable Rate
24          Mortgages, in violation of Regulation Z §§ 226.17(b) and
25          226.19(b)(1); and/or

26      g.  Failing to provide a copy of the HUD-1 statement at Closing Date,
27          in violation of Regulation Z § 226.18(c);

28

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000; Fax: (213) 402 3262; timothy.thurman@trinlaw.com

7

26.    As a proximate result of the aforesaid violations of the Act, Plaintiff detrimentally relied upon such inaccurate disclosures and/or non-disclosures by Defendant FNBA and has sustained damages, including but not limited to, paying fees and charges in excess of what they should have paid but for the violations, all in an amount to be proven at trial, but which exceeds $500,000.

27.    Each of the other Defendants, including FNBN, GMAC and WELLS FARGO are liable to the Plaintiff as successors in interest to FNBA.

28.    As a result of the aforesaid violations of the Act, Defendants, and each of them, are liable to Plaintiff for:

    a.  Rescission of the transaction;

    b.  Termination of any security interest in Plaintiff' Property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for disclosure violations;

    e.  Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice;

    f.  Forfeiture of return of loan proceeds;

    g.  Actual damages in an amount to be determined at trial;

    h.  Reasonable attorneys' fees and costs.

## COUNT II

## VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

### [12 USC § 2601]

### (ALL DEFENDANTS)

29.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 2262: timothv.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

30.    On information and belief, Defendants are lenders, creditors, mortgage brokers, and/or services, including their agents and employees, who regularly extend federally-insured mortgage loans, HUD-related loans, or loans intended to be sold on the secondary market, intended for the purchase of a one- to four-family residential property, to which the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, and Regulation X (24 C.F.R. § 3500 *et seq.*) applies.

31.    On information and belief, Defendant FNBA violated RESPA in one or more of the following ways:

a.  Failing to provide the Special Information Booklet explaining the settlement costs within three (3) business days after Plaintiff submitted his loan application, pursuant to Regulation X § 3500.6;

b.  Failing to reflect in the good faith estimate the required use of a particular settlement service provider, the costs of such provider, and all necessary disclosures for such provider;

c.  Failing to properly provide, and in a clear and conspicuous form, the HUD-1 settlement statement at or before the Closing Date with all settlement charges related to the transaction, pursuant to Regulation X §§ 3500.8 and 3500.10;

d.  Charging a fee for preparation of the settlement statement, escrow account statement, and/or the TILA disclosure statement, pursuant to Regulation X § 3500.12;

e.  Failing to disclose affiliated business arrangements, which Plaintiff alleges exist, pursuant to Regulation X § 3500.15;

f.  Giving, providing and/or receiving a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks, hidden referral fees, and/or yield spread premiums, pursuant to Regulation X § 3500.14;

9

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

g.  Charging fees in excess of the reasonable value of goods provided and/or services rendered;

h.  Failing to inform the borrower of defendants' intention to transfer the servicing of the loan and/or failing to inform the borrower of the actual transfer within fifteen (15) days before the effective date of the transfer, pursuant to Regulation X § 3500.17(e);

i.  Requiring the borrower to deposit funds in escrow in excess of the statutorily permitted amounts; and/or

j.  Failing to inform the borrower of defendant's intention to transfer the servicing of the loan and/or failing to inform the borrower(s) of the actual transfer within fifteen (15) days before the effective date of the transfer, pursuant to Regulation X § 3500.17(e);

32.  As a proximate result of the aforesaid violations of the Act, Plaintiff detrimentally relied upon such inaccurate disclosures and/or non-disclosures by Defendants and have sustained damages, including but not limited to, paying fees and charges in excess of what they should have paid but for the violations, all in an amount to be proven at trial, but in an amount which exceeds $500,000.

33.  Each of the other Defendants, including FNBN, GMAC and WELLS FARGO are liable to the Plaintiff as successors in interest to FNBA. Furthermore, FNBN, GMAC and WELLS FARGO are liable for failing to inform the borrower of defendants' intention to transfer the servicing of the loan and/or failing to inform the borrower of the actual transfer within fifteen (15) days before the effective date of the transfer, pursuant to Regulation X § 3500.17(e);

34.  As a result of the aforesaid violations of the Act, Defendants are liable to Plaintiff for:

a.  Actual damages, in an amount to be determined at trial;

b.  Statutory damages of $1,000 per violation;

c.  Treble damages;

10

d. Reasonable attorney's fees and costs.

## COUNT III

## VIOLATION OF FAIR HOUSING ACT [42 U.S.C. § 3605]

## (ALL DEFENDANTS)

35.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

36.    Defendant FNBA is an entity that engages in transactions related to residential real estate.

37.    The loan made by Defendant FNBA to Plaintiff was a transaction related to real estate.

38.    Plaintiff is a woman of Korean national origin.

39.    Plaintiff is informed and believes, and thereon alleges, that Defendant FNBA discriminated against her on the basis of her race, ethnicity and/or national origin in the terms and conditions of the ARM Note loan.  Specifically, the terms and conditions offered to Plaintiff was less favorable than those offered by FNBA to similarly situated white borrowers who were not better qualified for their loans, but who were of a different race, ethnicity and/or national origin.

40.    Plaintiff has been damaged as a result of Defendant FNBA's discriminatory conduct, in an amount to be proven at trial, but which exceeds $500,000. Furthermore, FNBA's actions were malicious, wanton, and egregious such that Plaintiff is entitled to punitive damages.

41.    Defendants FNBN, GMAC and WELLS FARGO are vicariously liable for FNBA's actions.

///
///
///
///

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000; Fax: (213) 402 3262; timothy.thurman@trinlaw.com

## COUNT IV

## VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT

### [15 U.S.C. § 1691]

### (ALL DEFENDANTS)

42.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

43.    Defendant FNBA is a "creditor" within the meaning of 15 U.S.C. § 1691(e).

44.    The transactions between Plaintiff and Defendant FNBA were credit transactions.

45.    Plaintiff is informed and believes, and thereon alleges, that Defendant FNBA discriminated against them on the basis of their race, ethnicity and/or national origin, in the terms and conditions of the loans. Specifically, the terms and conditions offered to Plaintiff were less favorable than those offered by FNBA to similarly situated white borrowers who were not better qualified for their loans, but who were of the white race, ethnicity and/or national origin.

46.    Plaintiff has been damaged as a result of Defendant FNBA's discriminatory conduct, in an amount to be proven at trial, but which exceeds $500,000. Furthermore, FNBA's actions were malicious, wanton, and egregious such that Plaintiff are entitled to punitive damages.

47.    Defendants FNBN, GMAC and WELLS FARGO are vicariously liable for FNBN's actions.

## COUNT V

## VIOLATION OF UNRUH ACT, CALIFORNIA CIVIL CODE § 51

### (ALL DEFENDANTS)

48.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

12

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000; Fax: (213) 402 3262; timothy.thurman@trinlaw.com

49.    Plaintiff is informed and believes, and thereon alleges, that Defendant FNBA discriminated against her on the basis of her race, ethnicity and/or national origin, in the terms and conditions of both loans. Specifically, the terms and conditions offered to Plaintiff were less favorable than those offered by FNBA to similarly situated white borrowers who were not better qualified for their loans, but who were white.

50.    Plaintiff has been damaged as a result of Defendant FNBA's discriminatory conduct, in an amount to be proven at trial, but which exceeds $500,000. Furthermore, FNBA's actions were malicious, wanton, and egregious such that Plaintiff is entitled to punitive damages.

51.    Defendants FNBN, GMAC and WELLS FARGO are vicariously liable for FNBA's actions.

## COUNT VI
## FRAUD
### (ALL DEFENDANTS)

52.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

53.    Plaintiff is informed and believes, and thereupon alleges that Defendant FNBA attempted to defraud the Plaintiff in the following ways:

   a. Failing to provide the required disclosure documents such as the NOTE, TILDS, HUD-1, or the Right to Cancel (See ¶14, and 15); and
   b. Failing to provide any of the loan documents in Korean, the language the loans were negotiated in.

54.    At the time Defendant FNBA made these misrepresentations (or failed to make the required representations), Defendant knew them to be untrue.

55.    Defendant FNBA made these misrepresentations to Plaintiff with the specific intent of fraudulently inducing her to enter into the financing transactions with NBNA. Defendant's intent to defraud is evidenced by, among other things, providing

13

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

misleading, unclear, inconspicuous, and conflicting loan terms with respect to the interest rates, monthly payments, closing costs and fees, and negative amortization of the loan.

56. Defendant's intent to defraud is further evidenced by its failure to provide Plaintiff with a Korean-language translation of the ARM Note documents and disclosure statements, despite Defendant's knowledge that Plaintiff was primarily literate in Korean.

57. Plaintiff justifiably relied on Defendants' misrepresentations. Since Plaintiff's primary language is Korean, and Defendants failed to provide Plaintiff with any Korean-language translation of the loan documents which were written in English, all that Plaintiff could rely on in completing the loan transaction was Defendants' misrepresentations to them. Absent Defendants' misrepresentations, Plaintiff would not have entered into the refinance transactions.

58. As a direct and proximate result of Defendants' misrepresentations, Plaintiff has suffered damage, including, but not limited to, payments made to FNBA in connection with the loan.

59. Defendant's conduct as alleged herein was intentional, malicious, and oppressive, such that Plaintiff is entitled to punitive damages.

60. Defendants FNBN, GMAC and WELLS FARGO are vicariously liable for FNBN's actions.

## COUNT VII

## VIOLATION OF CALIFORNIA BUSINESS AND

## PROFESSIONS CODE § 17200 ET SEQ.

### (ALL DEFENDANTS)

61. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

62. The Unfair Competition Law and Unfair Business Practices Act, codified

in Business & Professional Code § 17200 *et seq.*, provides that unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

63.    Plaintiff is informed and believes, and thereon alleges, that Defendant FNBA has engaged in unlawful business practices in the State of California within the meaning of section 17200 by offering and making loans to Plaintiff and other borrowers of Asian or Korean ethnicity and/or national origin on terms less favorable than those offered to similarly situated white borrowers of a the white race, ethnicity and/or national origin.

64.    Plaintiff is informed and believes, and thereon alleges, that Defendant FNBA has engaged in unlawful business practices within the meaning of section 17200 by failing to take into account the ability of Plaintiff and other borrowers of Asian or Korean ethnicity and/or national origin to repay the mortgage loan(s).

65.    Plaintiff is informed and believes, and thereon alleges, that Defendant FNBA has engaged in unlawful business practices within the meaning of section 17200 by misrepresenting to Plaintiff and other persons of Asian or Korean ethnicity and/or national origin the terms on which it is willing to enter into refinancing or other loan transactions with them.

−66.    Plaintiff is informed and believes, and thereon alleges, that Defendant FNBA has engaged in unlawful business practices within the meaning of section 17200 by failing to provide Plaintiff and other borrowers of Korean ethnicity and/or national origin with Korean-language translations of applicable loan documents, after negotiating with such borrowers primarily in Korean.

67.    As a direct and legal result of said acts by Defendants, Plaintiff alleges that she has been damaged legally and proximately in amounts according to proof at time of trial.

68.    Defendants FNBN, GMAC and WELLS FARGO are vicariously liable for FNBN actions.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000; Fax: (213) 402 3262; timothy.thurman@trinlaw.com

## COUNT VIII

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (ALL DEFENDANTS)

69.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

70.    California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California. Here, the mortgage transactions and the Promissory Note entered into between the Parties constitute contracts.

71.    Defendant FNBA breached the implied covenant of good faith and fair dealing by, among other things: making unclear, inconspicuous, misleading, and/or deceptive statements and disclosures to Plaintiff; padding the closing costs of the ARM Note loan by increasing the costs of services above their market value as a way of charging Plaintiff a higher interest rate; failing to provide Plaintiff with Korean-language translations of the ARM Note and accompanying disclosure statements, even though the transaction was negotiated in Korean; and charging excessive, duplicative, and hidden closing costs and fees, as alleged more fully herein.

72.    Defendant FNBA further breached the implied covenant of good faith and fair dealing by making unclear, inconspicuous, misleading, and/or deceptive statements and disclosures to Plaintiff.

73.    As a direct and legal result of said acts by Defendants, and each of them, Plaintiff allege that they have been damaged legally and proximately in amounts according to proof at time of trial.

74.    Defendants FNBN, GMAC and WELLS FARGO are vicariously liable for FNBA's actions.

///
///
///

**COUNT IX**

**DECLARATORY RELIEF**

**(ALL DEFENDANTS)**

75.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

76.     A dispute has arisen between and among the Plaintiff and the Defendants herein, and each of them, as to the duties and obligations of the respective parties with regard to the mortgage loan transactions and/or foreclosure proceedings.

77.     These disputes concern, but are not necessarily limited to, the rights and duties of the parties under the promissory notes between them, the various statutes at issue in this litigation, the ownership to the Property, and/or the right of Defendants to foreclose on the Property.

78.     As these questions concern issues with regard to Plaintiff; Property, she is thus required to seek this relief.

79.     Plaintiff further alleges that a declaration of rights and duties of the parties herein by the Court is essential to determine the actual status and validity of the mortgage loan transaction and any rights duties and/or obligations as to the enforcement of it.

80.     Plaintiff has exhausted any and all applicable administrative remedies required under the law and for which notice has been provided to Plaintiff.

**REQUEST FOR A JURY TRIAL**

81.     Plaintiff respectfully requests a trial by a jury of her peers.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for damages and other relief as follows:

**ON PLAINTIFF'S FIRST CAUSE OF ACTION**

1.     Rescission of the loan;

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
Tel:(213) 384 9000; Fax: (213) 402 3262: timothy.thurman@trinlaw.com

17

2.      Compensatory damages subject to proof at trial;

3.      Statutory damages of $2,000.00 per violation;

4.      All finance charges and fees paid to Defendants;

**ON PLAINTIFF'S SECOND CAUSE OF ACTION**

5.      Compensatory damages subject to proof at trial;

6.      Treble damages;

7.      Statutory fine of $10,000.00;

8.      Attorney's fees and costs according to statute;

**ON PLAINTIFF'S THIRD CAUSE OF ACTION:**

9.  Compensatory damages subject to proof at trial;

10. Punitive damages;

11. Attorney's fees and costs according to statute;

**ON PLAINTIFF'S FOURTH CAUSE OF ACTION:**

12. Compensatory damages subject to proof at trial;

13. Punitive damages;

14. Attorney's fees and costs according to statute;

**ON PLAINTIFF'S FIFTH CAUSE OF ACTION**

15. Treble damages subject to proof at trial;

16. Attorney's fees and costs according to statute;

**ON PLAINTIFF'S SIXTH CAUSE OF ACTION**

17. Compensatory damages subject to proof at trial;

18. Punitive damages;

**ON PLAINTIFF'S SEVENTH CAUSE OF ACTION**

19. Compensatory damages subject to proof at trial;

20. Punitive damages;

21. Attorney's fees and costs according to statute;

**ON PLAINTIFF'S EIGHTH CAUSE OF ACTION**

22. Compensatory damages subject to proof at trial;

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

23. Punitive damages;

24. Attorney's fees and costs according to statute;

**ON PLAINTIFF'S NINTH CAUSE OF ACTION**

25. Declaratory relief as to the rights and duties of the parties herein;

**ON ALL CAUSES OF ACTION**

26. Such other relief as the Court deems just and proper.

DATED: July 14, 2009                    TRINITY LAW ASSOCIATES


By: _____
    Timothy D. Thurman
    Attorneys for Plaintiff,
    YOUNG BIN KIMBERLEY LEE

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION

**SUM-100**

CONFORMED COPY
FOR ORIGINAL FILED
(SOLO PARA USO DE LA CORTE)
Los Angeles Superior Court

JUL 14 2009

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

FIRST NATIONAL BANK OF ARIZONA, formerly a Arizona corporation;

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

YOUNG BIN KIMBERLY LEE, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): Los Angeles - Stanley Mosk Courthouse | (Número del Caso): |
| 111 North Hill Street | **BC417868** |
| Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Timothy Thurman, Trinity Law Associates 3470 Wilshire Blvd Ste 930, Los Angeles CA 90010

| DATE: | Clerk, | , Deputy |
|---|---|---|
| (Fecha) JUL 14 2009 | (Secretario) S. WESLEY | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): GMAC WHOLESALE MORTGAGE CORPORATION, A DELAWARE CORPORATION

   under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Young Bin Kimberly Lee v. First National Bank of Arizona, et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

FIRST NATIONAL BANK OF NEVADA, formerly a Nevada corporation; THE FEDERAL DEPOSITORY INSURANCE COMPANY, a Federal agency as receiver for FIRST NATIONAL BANK OF ARIZONA and FIRST NATIONAL BANK OF NEVADA; WELLS FARGO, NA, a National Association organized and existing under the laws of the United States; GMAC WHOLESALE MORTGAGE CORPORATION, a Delaware corporation; and DOES 1-10, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Timothy Thurman<br>Trinity Law Associates<br>3470 Wilshire Blvd. Suite 930<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 213.384.9000    FAX NO.: 213.402.3262<br>ATTORNEY FOR *(Name)*: YOUNG BIN KIMBERLY LEE | **CONFORMED COPY**<br>**OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>JUL 14 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Young Bin Kimberly Lee v. First National Bank of Arizona, et al.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC 417866**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09)<br>☐ Insurance coverage (18) | ☐ Mass tort (40)<br>☐ Securities litigation (28) |
| ☐ Asbestos (04)<br>☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08) | ☐ Other real property (26)<br>**Unlawful Detainer** | ☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint** |
| ☐ Defamation (13)<br>☐ Fraud (16) | ☐ Commercial (31)<br>☐ Residential (32) | ☐ RICO (27)<br>☑ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19)<br>☐ Professional negligence (25) | ☐ Drugs (38)<br>**Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment**<br>☐ Wrongful termination (36) | ☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02) | ☐ Other petition *(not specified above)* (43) |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 14, 2009
Timothy Thurman
_____ (TYPE OR PRINT NAME)    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Young Bin Kimberly Lee v. First National Bank of Arizona | CASE NUMBER: BC417866 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Young Bin Kimberly Lee v. First National Bank of Arizona | |

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☑ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☑ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin labels (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Employment | Contract | Real Property | Unlawful Detainer | Judicial Review

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Young Bin Kimberly Lee v. First National Bank of Arizona | |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

*Left margin labels (top to bottom):* Judicial Review (Cont'd.) · Provisionally Complex Litigation · Enforcement of Judgment · Miscellaneous Civil Complaints · Miscellaneous Civil Petitions

| SHORT TITLE: Young Bin Kimberly Lee v. First National Bank of Arizona | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS: 3550 Wilshire Blvd |
|---|---|---|
| ☐1. ☐2. ☐3. ☐4. ☒5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY: Los Angeles | STATE: CA    ZIP CODE: 90010 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk_____courthouse in the Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: July 14, 2009_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC417866

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Carl J. West*** | **311** | **CCW** |
| Pending Assignment | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

<u>CIVIL:</u>

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

<u>FAMILY LAW (non-custody):</u>

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

<u>PROBATE:</u>

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel**   The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**   The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**   The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

**EXHIBIT B**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sally Belderian (Bar #: 259163)<br>Trinity Law Associates<br>3470 Wilshire Blvd. Suite 930<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 213.384.9000    FAX NO. *(Optional):* 213.402.3262<br>E-MAIL ADDRESS *(Optional):* sally.b@trinlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff(s) | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>AUG 0 7 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse on Hill St.

| | |
|---|---|
| • PLAINTIFF/PETITIONER: Young Bin Kimberly Lee<br><br>DEFENDANT/RESPONDENT: Fist National Bank of Arizona, formerly a Arizona Corporation; et al. | CASE NUMBER:<br>**BC417866** |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: None<br>D-15 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [XX]  summons
   b. [XX]  complaint
   c. [ ]   Alternative Dispute Resolution (ADR) package
   d. [XX]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]   cross-complaint
   f. [XX]  other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      GMAC Wholesale Mortgage Corporation

   b. [XX]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **Becky DeGeorge Authorized Agent for Service**

4. Address where the party was served:    2730 GATEWAY OAKS DR STE 100
                                           SACRAMENTO, CA 95833

5. I served the party *(check proper box)*
   a. [XX]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 07/27/2009    (2) at *(time):*  2:00 PM
   b. [ ]   **by substituted service.** On *(date):*         at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.

      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: Young Bin Kimberly Lee | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fist National Bank of Arizona, formerly a Arizona Corporation; et al. | BC417866 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☒ On behalf of *(specify):*  GMAC Wholesale Mortgage Corporation

    under the following Code of Civil Procedure section:

        ☒ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)

        ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

        ☐ 416.50 (public entity)            ☐ 415.46 (occupant)

                                       ☐ other:

7.  **Person who served papers**

    a. Name:  Jenice Rossner      Del London Legal Services

    b. Address:  PO Box 1130, Redondo Beach, CA 90278

    c. Telephone number:  310.922.1556

    d. The fee for service was: $30.00

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☒ a registered California process server:

            (i) ☐ owner    ☐ employee   ☒ independent contractor.

            (ii) Registration No.: 98-02

            (iii) County:  Sacramento

8.  ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 08/03/2009

_____
Jenice Rossner
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

**EXHIBIT  C**

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Sally Belderian (Bar #: 269163)<br>Trinity Law Associates<br>3470 Wilshire Blvd. Suite 930<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 213.384.9000     FAX NO. (Optional): 213.402.3262<br>E-MAIL ADDRESS (Optional): sally.b@trinlaw.com<br>ATTORNEY FOR (Name): Plaintiff(s) | FOR COURT USE ONLY<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JUL 2 3 2009<br><br>JOHN A. CLARKE, CLERK<br>BY AMBER LA FLEUR-CLAYTON, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse on Hill St.

PLAINTIFF/PETITIONER:   Young Bin Kimberly Lee

DEFENDANT/RESPONDENT:   First National Bank of Arizona, formerly a Arizona Corporation; et al.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>BC417866   *D. 15*<br><br>Ref. No. or File No.: None |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet (served in complex cases only)
   e. ☐ cross-complaint
   f. ☒ other (specify documents): Notice of Case Assignment

3. a. Party served (specify name of party as shown on documents served):
      FDIC as Receiver for First national Bank of Arizona

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
      Debra Jameson Section Chief, Counsel: Legal Division
      Desc: Sex:Female - Age:63 - Skin:Caucasian - Hair:Black - Height:5'5" - Weight:145
4. Address where the party was served: 40 Pacifica, 4th Floor Irvine, CA 92618
      Irvine, CA 92618

5. I served the party (check proper box)
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 07/22/2009     (2) at (time): 11:45 AM
   b. ☐ by substituted service. On (date):          at (time):          I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):          from (city):          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: Young Bin Kimberly Lee | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: First National Bank of Arizona, formerly a Arizona Corporation; et al. | BC417866 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　(1) on *(date):*　　　　　　　　　　　　　　(2) from *(city):*

　　(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

　　(4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

　d. ☐ **by other means** *(specify means of service and authorizing code section):*

　　☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
　a. ☐ as an individual defendant.
　b. ☐ as the person sued under the fictitious name of *(specify):*
　c. ☐ as occupant.
　d. ☒ On behalf of *(specify):* FDIC as Receiver for First national Bank of Arizona
　　　under the following Code of Civil Procedure section:
　　　☒ 416.10 (corporation)　　　　　　　　　　☐ 415.95 (business organization, form unknown)
　　　☐ 416.20 (defunct corporation)　　　　　　☐ 416.60 (minor)
　　　☐ 416.30 (joint stock company/association)　☐ 416.70 (ward or conservatee)
　　　☐ 416.40 (association or partnership)　　　　☐ 416.90 (authorized person)
　　　☐ 416.50 (public entity)　　　　　　　　　☐ 415.46 (occupant)
　　　　　　　　　　　　　　　　　　　　　　　☐ other:

7. **Person who served papers**
　a. Name: Daniel J. Cavagnaro　　　Del London Legal Services
　b. Address: PO Box 1130, Redondo Beach, CA 90278
　c. Telephone number:　310.922.1556
　d. The fee for service was:  $60.00
　e. I am:
　　(1) ☐ not a registered California process server.
　　(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
　　(3) ☒ a registered California process server:
　　　(i) ☐ owner　☐ employee　☒ independent contractor.
　　　(ii) Registration No.: 6992
　　　(iii) County: Los Angeles

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　　*or*

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 07/22/2009

Daniel J. Cavagnaro
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)　　　　　　　　　　　　　(SIGNATURE )

**EXHIBIT D**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Sally Balderian (Bar #: 259163)<br>Trinity Law Associates<br>3470 Wilshire Blvd. Suite 930<br>Los Angeles, CA 90010<br><br>TELEPHONE NO.: 213.384.9000    FAX NO. (Optional): 213.402.3262<br>E-MAIL ADDRESS (Optional): sally.b@trinlaw.com<br>ATTORNEY FOR (Name): Plaintiff(s) | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JUL 2 3 2009<br><br>JOHN A. CLARKE, CLERK<br>*(signature)*<br>BY AMBER LA FLEUR-CLAYTON, DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill St. |
| MAILING ADDRESS: 111 North Hill St. |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Central District, Stanley Mosk Courthouse on Hill St. |

| PLAINTIFF/PETITIONER: Young Bin Kimberly Lee | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fist National Bank of Arizona, formerly a Arizona Corporation; et al. | BC417866  D. 15 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: None |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [XX] summons
   b. [XX] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [XX] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [XX] other (specify document(s): Notice of Case Assignment)

3. a. Party served (specify name of party as shown on documents served):
   FDIC as Receiver for First National Bank of Nevada

   b. [XX] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
   Debra Jameson Section Chief, Counsel: Legal Division
   Desc: Sex:Female - Age:63 - Skin:Caucasian - Hair:Black - Height:5'5" - Weight:145

4. Address where the party was served:   40 Pacifica, 4th Floor I
   Irvine, CA 92618

5. I served the party (check proper box)
   a. [XX] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 07/22/2009    (2) at (time): 11:45 AM

   b. [ ] by substituted service. On (date):    at (time):    I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):    from (city):    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: Young Bin Kimberly Lee | CASE NUMBER: |
| DEFENDANT/RESPONDENT: First National Bank of Arizona, formerly a Arizona Corporation; et al. | BC417866 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):*  FDIC as Receiver for First National Bank of Nevada

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)        ☐ 415.46 (occupant)

                   ☐ other:

7. **Person who served papers**

  a. Name: Daniel J. Cavagnaro    Del London Legal Services

  b. Address: PO Box 1130, Redondo Beach, CA 90278

  c. Telephone number: 310.922.1556

  d. The fee for service was: $30.00

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner  ☐ employee  ☒ independent contractor.

      (ii) Registration No.: 6992

      (iii) County: Los Angeles

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 07/22/2009

Daniel J. Cavagnaro
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              ▶                 (SIGNATURE )

**EXHIBIT E**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Sally Belderian (Bar #: 259163)
Trinity Law Associates
3470 Wilshire Blvd. Suite 930
Los Angeles, CA 90010

TELEPHONE NO.: 213.384.9000   FAX NO. *(Optional):* 213.402.3262

E-MAIL ADDRESS *(Optional):* sally.b@trinlaw.com

ATTORNEY FOR *(Name):* Plaintiff(s)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 0 7 2009

Jon~ ~. ~~ ~~~ Executive Officer/Clerk

By _____ , Deputy
GLORIETTA ROBINSON

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse on Hill St.

● PLAINTIFF/PETITIONER: Young Bin Kimberly Lee

DEFENDANT/RESPONDENT: Fist National Bank of Arizona, formerly a Arizona Corporation; et al.

| CASE NUMBER: |
|---|
| BC417866  0 -15 |

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: None

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [XX] summons
   b. [XX] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [XX] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [XX] other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      Wells Fargo, NA

   b. [XX] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **Becky DeGeorge Authorized Agent for Service**

4. Address where the party was served:   2730 GATEWAY OAKS DR STE 100
                                          SACRAMENTO, CA 95833

5. I served the party *(check proper box)*
   a. [XX] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 07/27/2009   (2) at *(time):* 2:00 PM
   b. [ ] **by substituted service.** On *(date):*       at *(time):*       I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*       from *(city):*       or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Young Bin Kimberly Lee | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fist National Bank of Arizona, formerly a Arizona Corporation; et al. | BC417866 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                              (2) from *(city):*

   (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☒  On behalf of *(specify):*  Wells Fargo, NA
       under the following Code of Civil Procedure section:

   ☒  416.10 (corporation)                   ☐  415.95 (business organization, form unknown)
   ☐  416.20 (defunct corporation)           ☐  416.60 (minor)
   ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)
   ☐  416.40 (association or partnership)     ☐  416.90 (authorized person)
   ☐  416.50 (public entity)                 ☐  415.46 (occupant)
                                             ☐  other:

7.  **Person who served papers**
   a.  Name:  Jenice Rossner        Del London Legal Services
   b.  Address:  PO Box 1130, Redondo Beach, CA 90278
   c.  Telephone number:  310.922.1556
   d.  The fee for service was:  $60.00
   e.  I am:
       (1)  ☐  not a registered California process server.
       (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3)  ☒  a registered California process server:
            (i)  ☐  owner  ☐  employee  ☒  Independent contractor.
            (ii)  Registration No.:  98-02
            (iii)  County:  Sacramento

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 08/03/2009

Jenice Rossner
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶  *Jenice Rossner*
                                    (SIGNATURE )

**EXHIBIT F**

1  PALMER, LOMBARDI & DONOHUE LLP
   E. Scott Palmer (SBN 155376)
2  Frederick A. Haist (SBN 211322)
   888 West 6th Street, 12th Floor
3  Los Angeles, California 90017
   Phone: (213) 688-0430
4  Fax: (213) 688-0440

5

6  Attorneys for GMAC Mortgage, LLC (erroneously sued as GMAC Wholesale Mortgage
   Corporation)

7

8

9

10                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         FOR THE COUNTY OF LOS ANGELES

12

13  YOUNG BIN KIMBERLY LEE, an          )   Case No.  BC 417866
    individual,                          )
14                                       )   [Assigned for all purposes to The Honorable
           Plaintiff,                    )   Richard Fruin, Dept. 15]
15                                       )
    vs.                                  )   **NOTICE OF FILING OF REMOVAL TO**
16                                       )   **FEDERAL COURT**
    FIRST NATIONAL BANK OF ARIZONA,      )
17  formerly an Arizona corporation; FIRST )
    NATIONAL BANK OF NEVADA,             )   Complaint Filed:  July 14, 2009
18  formerly a Nevada corporation; THE   )
    FEDERAL DEPOSITORY INSURANCE         )
19  COMPANY, a Federal agency as receiver )
    for FIRST NATIONAL BANK OF           )
20  ARIZONA and FIRST NATIONAL BANK      )
    OF NEVADA; WELLS FARGO, NA, a        )
21  National Association organized and existing )
    under the laws of the United States; GMAC )
22  WHOLESALE MORTGAGE                   )
    CORPORATION, a Delaware corporation; )
23  and DOES 1-10, inclusive,            )
                                         )
24         Defendants.                   )
                                         )
25  _____

26      TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

27      PLEASE TAKE NOTICE that on August 20, 2009, Defendant GMAC Mortgage, LLC

28  (erroneously sued as GMAC Wholesale Mortgage Corporation) timely filed a Notice of Removal

1    of this action in the United States District Court for the Central District of California (the

2    "Notice"). A true and correct copy of the Notice is attached hereto as Exhibit "1."

3         PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. Section 1446, the filing

4    of the attached Notice of Removal with the Federal Court effects the removal of this action, and

5    that this Court may proceed no further unless and until the case is remanded.

6

7    DATED:  August 20, 2009                    PALMER, LOMBARDI & DONOHUE LLP

8

9

10   By _____

11        E. SCOTT PALMER
          FREDERICK A. HAIST
12        Attorneys for Defendant GMAC Mortgage,
          LLC (erroneously sued as GMAC Wholesale
13        Mortgage Corporation)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PALMER, LOMBARDI & DONOHUE LLP
888 West 6ᵗʰ Street, 12ᵗʰ Floor
Los Angeles, California 90017

**EXHIBIT 1**

1  E. Scott Palmer (SBN 155376)
   Email: spalmer@pldlawyers.com
2  Frederick A. Haist (SBN 211322)
   Email: fhaist@pldlawyers.com
3  PALMER, LOMBARDI & DONOHUE LLP
   888 West 6th Street, 12th Floor
4  Los Angeles, California 90017
   Phone: (213) 688-0430
5  Fax: (213) 688-0440

6  Attorneys for GMAC Mortgage, LLC (erroneously sued as GMAC Wholesale
   Mortgage Corporation)

7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  YOUNG BIN KIMBERLY LEE, an    )   Case No.
    individual,                   )
13                                )
           Plaintiff,             )   NOTICE OF REMOVAL OF CIVIL
14                                )   ACTION BY DEFENDANT GMAC
    vs.                           )   MORTGAGE, LLC PURSUANT TO
15                                )   28 U.S.C. SECTION 1441
    FIRST NATIONAL BANK OF        )
16  ARIZONA, formerly Arizona     )   [Complaint Filed: July 14, 2009]
    corporation; FIRST NATIONAL   )
17  BANK OF NEVADA, formerly a    )
    Nevada corporation; THE FEDERAL )  [FEDERAL QUESTION]
18  DEPOSITORY INSURANCE          )
    COMPANY, a Federal agency as  )
19  receiver for FIRST NATIONAL   )
    BANK OF ARIZONA and FIRST     )
20  NATIONAL BANK OF NEVADA;      )
    WELLS FARGO, NA, a National   )
21  Association organized and existing )
    under the laws of the United States; )
22  GMAC WHOLESALE MORTGAGE       )
    CORPORATION, a Delaware       )
23  corporation; and DOES 1-10,   )
    inclusive,                    )
24                                )
           Defendants.            )
25  _____)

26

27        TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

28  DISTRICT OF CALIFORNIA:

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1   PLEASE TAKE NOTICE that, pursuant to sections 1441 and 1331 of Title 28

2   of the United States Code, Defendant GMAC Mortgage, LLC (erroneously sued as

3   GMAC Wholesale Mortgage Corporation) ("GMAC") hereby removes the action

4   entitled *Young Bin Kimberly Lee v. First National Bank of Arizona, formerly*

5   *Arizona corporation; First National Bank of Nevada, formerly a Nevada*

6   *corporation; The Federal Depository Insurance Company, A Federal agency as*

7   *receiver for First National Bank of Arizona and First National Bank of Nevada;*

8   *Wells Fargo, NA, a National Association organized and existing under the laws of*

9   *the United States; GMAC Wholesale Mortgage Corporation, a Delaware*

10  *corporation; and DOES 1-10, inclusive, Defendants,* Superior Court of the State of

11  California for the County of Los Angeles, case no. BC 417866 (the "Action") to the

12  United States District Court for the Central District of California on the following

13  grounds:

14      1.   On or about July 14, 2009, Plaintiff Young Bin Kimberly Lee filed the

15  Action in California state court.   Defendant the Federal Deposit Insurance

16  Corporation (erroneously sued as the Federal Depository Insurance Company), a

17  Federal agency as receiver for First National Bank of Arizona and First National

18  Bank of Nevada was served with the Summons and Complaint on July 22, 2009.

19  Defendant GMAC and Wells Fargo, N.A. (erroneously sued as Wells Fargo, NA, a

20  National Association organized and existing under the laws of the United States)

21  were served with the Summons and Complaint on July 27, 2009.  A true and correct

22  copy of the Proofs of Service, Summons and Complaint in the Action is attached

23  hereto as Exhibits A-E.  Based on the foregoing, Defendant has timely filed this

24  Notice of Removal. *See* 28 U.S.C. section 1446.  Exhibits A-E constitute the entire

25  state court file.

26      2.   According to the court docket on the Los Angeles County Superior

27  Court website, located on the internet at www.lasuperiorcourt.org, proofs of service

28  were filed indicating service on each and all of the remaining Defendants: 1) The

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT GMAC MORTGAGE, LLC
PURSUANT TO 28 U.S.C. SECTION 1441

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1   Federal Deposit Insurance Corporation (erroneously sued as the Federal Depository

2   Insurance Company), a Federal agency as receiver for First National Bank of

3   Arizona, served on July 22, 2009; 2) The Federal Deposit Insurance Corporation

4   (erroneously sued as the Federal Depository Insurance Company), a Federal agency

5   as receiver for First National Bank of Nevada, served on July 22, 2009; and 3) Wells

6   Fargo, N.A. (erroneously sued as Wells Fargo, NA, a National Association

7   organized and existing under the laws of the United States), served on July 27, 2009.

8   Each of these Defendants has signed a joinder consenting to GMAC's removal.

9   Each joinder is being filed concurrently herewith.

10        3.      The Action is a civil action of which this Court has jurisdiction under

11  28 U.S.C. section 1331 and is one which may be removed to this Court by

12  Defendant pursuant to the provisions of 28 U.S.C. section 1441 in that the Action

13  involves a federal question that can be ascertained from the face of Plaintiff's

14  complaint.  Plaintiff, in her Complaint, alleges the following claim which involve

15  federal questions and laws: 1) First Cause of Action for Violation of the Federal

16  Truth in Lending Act (15 U.S.C. section 1601); 2) Second Cause of Action for

17  Violation of the Real Estate and Settlement Procedures Act (12 U.S.C. section

18  2601); 3) Third Cause of Action for Violation of the Fair Housing Act (42 U.S.C.

19  section 3605); and 4) Fourth Cause of Action for Violation of the Equal Credit

20  Opportunity Act (15 U.S.C., section 1691).  [Complaint pp. 22-28, 29-34, 35-41, 42-

21  47, attached to Notice of Removal, as Exhibit A.]

22        4.      Defendant GMAC is contemporaneously filing a copy of this Notice of

23  Removal with the Clerk of the Superior Court of the State of California, County of

24  Los Angeles and it will be served on Plaintiff concurrently.  Defendant will serve

25  ///

26  ///

27  ///

28  ///

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT GMAC MORTGAGE, LLC
PURSUANT TO 28 U.S.C. SECTION 1441

1  Plaintiff with copies of this Notice of Removal and the notice filed in State Court.

2  A true and correct copy of written notice sent to the Clerk of the Superior Court and

3  Plaintiff is attached hereto as Exhibit F.

4

5  DATED: August 20, 2009          PALMER, LOMBARDI & DONOHUE LLP

6

7

8  By _____

9  E. SCOTT PALMER
   FREDERICK A. HAIST

10  Attorneys for Defendant GMAC
    Mortgage, LLC (erroneously sued as

11  GMAC Wholesale Mortgage
    Corporation)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- 4 -

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT GMAC MORTGAGE, LLC
PURSUANT TO 28 U.S.C. SECTION 1441

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV09- 6099 DSF (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**          [ ] **Southern Division**          [ ] **Eastern Division**
    312 N. Spring St., Rm. G-8         411 West Fourth St., Rm. 1-053         3470 Twelfth St., Rm. 134
    Los Angeles, CA 90012              Santa Ana, CA 92701-4516              Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| YOUNG BIN KIMBERLY LEE, an individual | Federal Deposit Insurance Corporation, Wells Fargo, N.A. GMAC Mortgage, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Timothy D. Thurman<br>Trinity Law Associates, Inc.<br>3470 Wilshire Blvd., Ste. 930<br>Los Angeles, CA 90010<br>(213) 384-9000 | E. Scott Palmer, SBN 155376<br>Frederick A. Haist, SBN 211322<br>PALMER, LOMBARDI & DONOHUE LLP<br>888 West 6th Street, 12th Floor<br>Los Angeles, CA 90017<br>(213) 688-0430 |

**I. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**VI. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

5 U.S.C. Section 1601; 12 U.S.C. Section 2601; 42 U.S.C. Section 3605; 15 U.S.C. Section 1691; claims arising from disputes involving a loan.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☒ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat.TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

VIII(a).  **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s):

VIII(b).  **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply        [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. VENUE:** (When completing the following information, use an additional sheet if necessary.)

a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minnesota for GMAC Mortgage, LLC; unknown for other Defendants |

c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _[signature]_        Date  August 20, 2009

FREDERICK A. HAIST

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |