1  SUZANNE M. HANKINS (State Bar No. 157837)
   smh@severson.com
2  RYAN K. WOODSON (State Bar No. 224765)
   rkw@severson.com
3  SEVERSON & WERSON, A Professional Corporation
   19100 Von Karman Ave., Suite 700
4  Irvine, CA  92612
   Telephone:  (949) 442-7110
5  Facsimile:  (949) 442-7118

6  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
7  SEVERSON & WERSON, A Professional Corporation
   One Embarcadero Center, Suite 2600
8  San Francisco, CA  94111
   Telephone:  (415) 398-3344
9  Facsimile:  (415) 956-0439

10  Attorneys for Defendant
    WELLS FARGO BANK, N.A. (erroneously
11  sued as WELLS FARGO, NA)

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  YOUNG BIN KIMBERLY LEE, | Case No.: 2:09-CV-06099 DSF (CWx) |
| 15              Plaintiff, | Hon. Dale S. Fischer<br>Ctrm. 840 |
| 16              vs. | **DEFENDANT WELLS FARGO** |
| 17  FIRST NATIONAL BANK OF<br>ARIZONA, formerly a Arizona | **BANK, N.A.'S NOTICE OF<br>MOTION AND MOTION TO<br>DISMISS PLAINTIFF YOUNG BIN** |
| 18  corporation; FIRST NATIONAL BANK<br>OF NEVADA, formerly a Nevada | **KIMBERLY LEE'S COMPLAINT;<br>MEMORANDUM OF POINTS AND** |
| 19  corporation; THE FEDERAL<br>DEPOSITORY INSURANCE | **AUTHORITIES** |
| 20  COMPANY, a Federal agency as<br>receiver for FIRST NATIONAL BANK | *(Filed concurrently with Request for<br>Judicial Notice)* |
| 21  OF ARIZONA and FIRST NATIONAL<br>BANK OF NEVADA; WELLS FARGO, | Date:       October 19, 2009 |
| 22  NA, a National Association organized<br>and existing under the laws of the United | Time:       1:30 p.m.<br>Ctrm:       840 |
| 23  States; GMAC WHOLESALE<br>MORTGAGE CORPORATION, a | Complaint filed:  July 14, 2009 |
| 24  Delaware corporation; and DOES 1-10,<br>inclusive, | |
| 25              Defendants. | |
| 26 | |

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...........................................................................................1

II.   STATEMENT OF FACTS.............................................................................2

III.  PLAINTIFF'S ALLEGATIONS....................................................................2

IV.  PLAINTIFF'S COMPLAINT IS SUBJECT TO A MOTION TO DISMISS ......................................................................................................3

V.   PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF CAN BE GRANTED UNDER TILA .............................................................4

     A.    Plaintiff's Claim For Damages Under TILA Is Time Barred By The One-Year Statute of Limitations.......................................................5

     B.    Plaintiff Cannot Rescind The Subject Loan Since It Is A Purchase Money Mortgage .........................................................................5

     C.    Plaintiff Cannot Rescind Under TILA Absent A Tender Of The Entire Amount Due On The Subject Loan............................................6

     D.    Plaintiff's Complaint Fails To State A Claim Under TILA.................7

     E.    The Statute Of Frauds Enforces The Subject Loan, Which Plaintiff Is Estopped From Challenging.........................................................8

VI.  PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF RESPA..........................................................................................................9

     A.    Plaintiff's Yield Spread Premium Claim Is Time Barred.....................9

     B.    Plaintiff Fails To State A RESPA Claim .............................................9

VII. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR VIOLATION OF THE FAIR HOUSING ACT ............................................................................................................11

     A.    Plaintiff's FHA Claim Is Time Barred...............................................11

     B.    Plaintiff Fails To State An FHA Claim..............................................12

VIII. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT ...............................................................................13

     A.    Plaintiff's ECOA Claim Is Time Barred...........................................13

     B.    Plaintiff Fails To State An ECOA Claim...........................................13

IX.  PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR VIOLATION OF CIVIL CODE §51.5............14

1      A.    Plaintiff's Unruh Act Claim Is Time Barred.........................................14

2      B.    Plaintiff Fails To State An Unruh Act Claim......................................14

3   X.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF
        CAN BE GRANTED FOR FRAUD...............................................................15

4      A.    Pleading Standard For Fraud Claims....................................................15

5

6      B.    Plaintiff's Fraud Claim.........................................................................16

7   XI.  PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF
        CAN BE GRANTED FOR VIOLATION OF CALIFORNIA
        BUSINESS & PROFESSIONS CODE §17200, *ET SEQ.*...........................16

8

9      A.    Plaintiff's B&PC §17200, *Et Seq.* Claim Is Preempted.....................16

10     B.    Plaintiff Does Not Allege That She Has Standing To Assert A
           Cause Of Action Under Section 17200, *Et Seq.* ...............................17

11     C.    Plaintiff Has Not Pled Her Cause Of Action Under B&PC
           §17200, *Et Seq.* With Reasonable Particularity ...............................18

12

13     D.    Plaintiff's Cause Of Action Under B&PC §17200, *Et Seq.* Fails
           Since The Underlying Causes Of Action Fail......................................19

14  XII.  PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF
        CAN BE GRANTED FOR BREACH OF THE IMPLIED

15      COVENANT OF GOOD FAITH AND FAIR DEALING............................19

16  XIII. PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF
        CAN BE GRANTED FOR DECLARATORY RELIEF ..............................21

17

18  XIV. ALTERNATIVELY, THE COURT SHOULD ORDER PLAINTIFF
        TO PROVIDE A MORE DEFINITE STATEMENT ...................................21

19  XV.  PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND
        PUNITIVE DAMAGES SHOULD BE STRICKEN....................................22

20  XVI. CONCLUSION ........................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*A.G. Edwards & Sons, Inc. v. Smith,*
    736 F.Supp. 1030 (D. Ariz. 1989)..................................................32

*Alperin v. Vatican Bank,*
    410 F.3d 532 (9th Cir. 2005).......................................................3

*Anderson v. District Board of Trustees,*
    77 F.3d 364 (11th Cir. 1996).....................................................21

*Balistreri v. Pacifica Police Department,*
    901 F.2d 696 (9th Cir. 1988).......................................................3

*Bell Atlantic Corp. v. Twombly,*
    127 S.Ct. 1955 (2007) ..............................................................3

*Betancourt v. Countrywide Home Loans, Inc.,*
    344 F.Supp.2d 1253 (D. Colo. 2004) ........................................5

*Blue v. Fremont Investment & Loan,*
    562 F.Supp.2d 33 (2008)............................................................9

*Cairns v. Franklin Mint Co.,*
    24 F.Supp.2d 1013 (C.D. Cal. 1998)...........................................3

*Chiang v. Veneman,*
    385 F.3d 256 (3rd Cir. 2004)....................................................13

*Collins v. FMHA-USDA,*
    105 F.3d 1366 (11th Cir. 1997).................................................10

*Culpepper v. Irwin Mortgage Corp.,*
    253 F.3d 1324 (2001) ................................................................9

*Destfino v. Kennedy*
    Slip Copy, 2009 WL 63566 (E.D. Cal. 2009) ...........................4

*Eubanks v. Liberty Mortgage Banking Ltd.,*
    976 F.Supp. 171 (E.D.N.Y. 1997)..............................................5

*Flaxel v. Johnson,*
    541 F.Supp.2d 1127 (S.D. Cal. 2008) ......................................15

*Gauvin v. Trombatore,*
    682 F.Supp. 1067 (N.D. Cal. 1988)............................................4

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*
    343 F.3d 1000 (9th Cir. 2003).....................................................8

*Hickson v. Home Federal of Atlanta,*
    805 F.Supp. 1567 (N.D. Ga. 1992) ..........................................12

*In re Glenfed, Inc. Sec. Litigation,*
   42 F.3d 1541 (9th Cir. 1994) .................................................... 15

*In re Verifone Securities Litigation,*
   11 F.3d 865 (9th Cir. 1993) ...................................................... 3

*Johnson v. Countrywide Home Loans,*
   2008 WL 4540449 (S.D. Fla. 2008) ........................................ 10

*Johnson v. First Fed. Bank of California*
   2008 WL 2705090 (N.D. Cal. 2008) ........................................ 15

*Justice v. Countrywide Home Loans, Inc.,*
   No. 3:05-CV-008, 2006 U.S.Dist. LEXIS 3369
   [2006 WL 141746] (E.D. Tenn. 2006) ...................................... 7

*King v. State of California,*
   784 F.2d 910 (9th Cir. 1986) ................................................ 3, 5

*Knievel v. ESPN,*
   393 F.3d 1068 (9th Cir. 2005) .................................................. 3

*Michigan Protection and Advocacy Service, Inc. v. Babin,*
   18 F.3d 337 (6th Cir. 1996) .................................................... 12

*Mir v. Little Co. of Mary Hospital,*
   844 F.2d 646 (9th Cir. 1988) .................................................... 4

*Morris v. BMW of N. Am., LLC,*
   2007 WL 3342612 (N.D. Cal. 2007) ........................................ 15

*Munoz v. International Home Capital Corp.*
   2004 WL 3086907 (N.D. Cal. 2004) ........................................ 12

*Murray v. Fifth Third Bank,*
   2007 WL 956916 (E.D. Mich. 2007) .......................................... 5

*Nava v. Virtual Bank,*
   2008 WL 2873406 (E.D. Cal. 2008) ........................................ 17

*Reyes v. Downey Sav. & Loan Association,*
   541 F.Supp.2d 1108 (C.D. Cal. 2008) ...................................... 17

*Schreiber Distributing Co. v. Serv-Well Furniture Co.,*
   806 F.2d 1393 (9th Cir. 1986) ................................................ 16

*Semar v. Platte Valley Federal Savings and Loan,*
   791 F.2d 699 (9th Cir. 1986) .................................................... 6

*Swartz v. KPMG, LLP,*
   476 F.3d 756 (9th Cir. 2007) .................................................. 21

*Van Dyke Ford, Inc. v. Ford Motor Co.,*
   399 F.Supp. 277 (E.D. Wis. 1975) ............................................ 4

*Walker v. Artisan Mortgage, LLC,*
   2008 WL 2026365 (D. Ariz. 2008) ................................................................10

*Western Mining Council v. Watt,*
   643 F.2d 618 (9th Cir. 1981) ...........................................................................3

*Yamamoto v. Bank of New York,*
   329 F.3d 1167 (9th Cir. 2003) .......................................................................6, 7

## STATE CASES

*24 Hour Fitness, Inc. v. Superior Court,*
   66 Cal.App.4th 1199 (1998) .............................................................................8

*Batt v. City and County of San Francisco,*
   155 Cal.App.4th 65 (2007) .............................................................................21

*Bionghi v. Metropolitan Water District,*
   70 Cal.App.4th 1358 (1999) ...........................................................................20

*Brant v. California Dairies, Inc.,*
   4 Cal.2d 128 (1935) .........................................................................................8

*Brousseau v. Jarrett*
   73 Cal.App.3d 864 (1977) ..............................................................................23

*Buckland v. Threshold Enterprises, Ltd.,*
   155 Cal.App.4th 798 (2007) ...........................................................................15

*Byars v. SCME Mortgage,*
   109 Cal.App.4th 1134 (2003) .........................................................................10

*Committee on Children's Television, Inc. v. General Foods Corp.*
   35 Cal.3d 197 (1983) ......................................................................................16

*Dills v. Delira Corp.,*
   145 Cal.App.2d 124 (1956) .............................................................................21

*Estate of Anderson,*
   60 Cal.App.4th 436 (1997) ...............................................................................8

*Farmers Insurance Exchange v. Superior Court*
   2 Cal.4th 377 (1992) .......................................................................................17

*G.D. Searle & Co. v. Superior Court*
   49 Cal.App.3d 22 (1975) .................................................................................23

*Gatto v. Co. of Sonoma,*
   98 Cal.App.4th 744 (Cal. 1st Dist., Div. 2 2002) ...........................................14

*Glue-Fold, Inc. v. Slautterback Corp.,*
   82 Cal.App.4th 1018 (2000) ...........................................................................21

*Gray v. Don Miller & Associates, Inc.*
   35 Cal.3d 498-504 (1984) ...............................................................................22

*Harris v. Capital Growth Investors XIV, et al.,*
    52 Cal.3d 1142 (1991).................................................................14

*Khoury v. Maly's of California, Inc.*
    14 Cal.App.4th 612 (1993)..........................................................18

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal.4th 1134 (2003).................................................................18

*Krantz v. BT Visual Images, L.L.C.*
    89 Cal.App.4th 164 (2001)..........................................................19

*Lazar v. Superior Court,*
    12 Cal.4th 631 (1996).................................................................15

*McClain v. Octagon Plaza, LLC,*
    159 Cal.App.4th 784 (2008)........................................................19

*Mitsui Manufacturers Bank v. Super. Ct.,*
    212 Cal.App.3d 726 (1989).........................................................20

*People v. Duz-Mor Diagnostic Laboratories, Inc.*
    68 Cal.App.4th 654 (1998)..........................................................19

*Racine & Laramie, Ltd. v. Department of Parks & Recreation,*
    11 Cal.App.4th 1026 (1992).........................................................19

*Wilhelm v. Pray, Price, Williams & Russell*
    186 Cal.App.3d 1324 (1986)........................................................15

## DOCKETED CASES

*A. Pena v. Countrywide,*
    LASC Case No. BC415357................................................................1

*Byung H. Lee v. Wells Fargo,*
    USDC Case No. CV09-05989 CAS (JCx).........................................1

*Essakhani v. Wells Fargo,*
    USDC Case No. 01145 AWI(GSA).................................................1

*Farhat Sheik v. Wells Fargo,*
    USDC Case 09-CV-05637 JSL (SSx)..............................................1

*Hun D. Ha v. Primus Lending, et al.,*
    USDC Case 09-CV-05818 RSWL (RMCx).......................................1

*Hyo P. Lee v. Wells Fargo,*
    LASC Case No. BC418497................................................................1

*Hyun v. Well Fargo Bank,*
    USDC Case No. CV09-00935 SGL.................................................1

*J. Kim v. Wells Fargo,*
    USDC Case 09-CV-02383 PA-AGR.................................................1

*Jenny N. Lee v. PMC Bancorp, et al.,*
    USDC Case 09-CV-05652 RSWL (RMCx)................................................1

*Jonathan Kim v. Wells Fargo,*
    LASC Case No. BC418348..........................................................1

*Kang v. Wells Fargo, et al.,*
    USDC Case 09-CV-02085 DDP-AGR....................................................1

*Kim v. Countrywide Bank, et al.,*
    USDC Case 09-CV-02384 AHM-JC.....................................................1

*Kim v. Wells Fargo Home Mortgage, et al.,*
    USDC Case 09-CV-02382 AHM-MAN....................................................1

*Kim v. Wells Fargo, N.A., et al.,*
    USDC Case 09-CV-4080 MRP (SHx)...................................................1

*Ko v. Wells Fargo,*
    USDC Case No. 5918 VBF (CWx).....................................................1

*Malik v. Countrywide Home Loans, Inc., et al.,*
    USDC Case 09-CV-02081 GHK-CW.....................................................1

*Marks v. Chicoine,*
    No. C 06-06806 SI, 2007 WL 1160992 (N.D. Cal. 2007)..............................6

*Paek v. PHH Mortgage Corp., et al.,*
    USDC Case 09-CV-01729 CAS-CT.....................................................1

*Park v. Wells Fargo, et al.,*
    USDC Case 09-CV-02805 PSG-JWJ....................................................1

*Park v. Westlend Financing, et al.,*
    USDC Case 09-EDCV-0880 VAP (OPx).................................................1

*Schasa v. Washington Mutual Bank, FA, et al.,*
    USDC Case 09-CV-02076 SJO-JTL....................................................1

*Tae M. Oh v. Wells Fargo,*
    RSC Case No. RIC 531380..........................................................1

*Yi v. Wells Fargo, N.A., et al.,*
    USDC Case 09-SACV-0669 CJC (MLCx)................................................1

*Yoon v. Well Fargo Bank,*
    USDC Case No. CV09-3263 RGK (RZx)................................................1

*Young B. Lee v. Wells Fargo,*
    LASC Case No. BC417866...........................................................1

*Young K. Lee v. Bank of America,*
    USDC Case No. CV09-05327 CAS (CTx)...............................................1

*Young K. Lee v. PMC Bancorp, et al.,*
    USDC Case 09-CV-05327 CAS (CTx)..................................................1

1

## STATUTES

2  12 C.F.R. §226.2 ................................................................................ 5

3  12 C.F.R. §226.23 .............................................................................. 5

4  12 U.S.C. §2601 ............................................................................... 10

5  12 U.S.C. §2604 ............................................................................... 10

6  12 U.S.C. §2605 ............................................................................... 11

7  12 U.S.C. §2607 ............................................................................... 10

8  12 U.S.C. §2608 ................................................................................. 9

9  12 U.S.C. §2614 ................................................................................. 9

10  42 U.S.C. §3613 ............................................................................... 11

11  15 U.S.C. §1602 ................................................................................. 5

12  15 U.S.C. §1610 ............................................................................... 17

13  15 U.S.C. §1635 ................................................................................. 6

14  15 U.S.C. §1640 ................................................................................. 5

15  15 U.S.C. §1641 ................................................................................. 7

16  15 U.S.C. §1691 ............................................................................... 13

17  66 Fed.Reg. 53052 ........................................................................... 10

18  66 Fed.Reg. 53054 ........................................................................... 10

19  Bus. & Prof. Code §17200 ........................................................... 17, 23

20  Civ. Code §1495 ................................................................................. 7

21  Civ. Code §1624 ................................................................................. 8

22  C.C.P. §382 ................................................................................. 17, 22

23  Civil Code §51.5 .......................................................................... 14, 22

24  Fed. R. Civ. P. 12(e) ........................................................................ 21

25  Fed. R. Civ. P. 8(a) ........................................................................... 4

26  Fed. R. Civ. P. 9(b) .......................................................................... 15

27

28

1

## MISCELLANEOUS

2

Cal. State Bar Committee on Prof. Responsibility and Conduct,
3     *Ethics Alert re Legal Services to Distressed Homeowners and*
    *Foreclosure Consultants on Loan Modifications* (Feb. 2, 2009), at 4 ............ 1

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 19, 2009, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 840 of the above-entitled Court located at 255 E. Temple Street, Los Angeles, California, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), erroneously sued as Wells Fargo, NA, will move to dismiss Plaintiff Young Bin Kimberly Lee's ("Plaintiff") Complaint for failing to state any claim upon which relief can be granted. At the same time and place, Wells Fargo will move for a more definite statement of any claim that is not dismissed.

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, Plaintiff's Complaint, the pleadings and papers on file in this case, and upon such other oral argument and documentary evidence which may be presented prior to or at the hearing of this Motion. This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 24, 2009.

DATED: August 26, 2009

SEVERSON & WERSON
A Professional Corporation


By:    /s/ Ryan K. Woodson
       SUZANNE M. HANKINS
       RYAN K. WOODSON
       Attorneys for Defendant
       WELLS FARGO BANK, N.A.
       (erroneously sued as WELLS
       FARGO, NA)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Young Bin Kimberly Lee ("Plaintiff") filed her Complaint approximately three years after she obtained a first lien from defendant First National Bank of Arizona ("FNBA") and three days before a Notice of Trustee's Sale was recorded for her home to be foreclosed due to her defaulting on the first lien.  In addition, Plaintiff fails to state any claim against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") since it undisputedly did not originate the first lien and all of Plaintiff's allegations are in connection with FNBA originating the loan.

Therefore, Plaintiff's Complaint is completely without merit and was improperly filed to delay the foreclosure sale of her home.  This is the type of lawsuit alleging lender/servicer misconduct without any factual support that are increasing with such alarming frequency that the California State Bar was compelled to recently issue an Ethics Alert reminding attorneys of their duties and obligations when representing borrowers in cases that seek to impede or delay foreclosure.[1]  In fact, Plaintiff's counsel has filed numerous foreclosure avoidance complaints with virtually identical factual allegations and claims.[2]

---

[1]    *See* http://calbar.ca.gov/calbar/pdfs/ethics/Ethics-Alert-Foreclosure.pdf.  These tactics violate Prof. Rules of Conduct 3-200 and sections 6068(c), (d) and (g) of the Bus. & Prof. Code.  *See* Cal. State Bar Committee on Prof. Responsibility and Conduct, *Ethics Alert re Legal Services to Distressed Homeowners and Foreclosure Consultants on Loan Modifications* (Feb. 2, 2009), at 4 ("A California lawyer may not without good cause file a lawsuit or motions in a lawsuit that are simply intended to delay or impede a foreclosure sale.").

[2]    *See Malik v. Countrywide Home Loans, Inc., et al.,* USDC Case 09-CV-02081 GHK-CW; *Kang v. Wells Fargo, et al.,* USDC Case 09-CV-02085 DDP-AGR; *Kim v. Countrywide Bank, et al.,* USDC Case 09-CV-02384 AHM-JC; *Schasa v. Washington Mutual Bank, FA, et al.,* USDC Case 09-CV-02076 SJO-JTL; *J. Kim v. Wells Fargo,* USDC Case 09-CV-02383 PA-AGR; *Park v. Wells Fargo, et al.,* USDC Case 09-CV-02805 PSG-JWJ; *Kim v. Wells Fargo Home Mortgage, et al.,* USDC Case 09-CV-02382 AHM-MAN; *Paek v. PHH Mortgage Corp.,* et al., USDC Case 09-CV-01729 CAS-CT; *Park v. Westlend Financing, et al.,* USDC Case 09-EDCV-0880 VAP (OPx); *Yi v. Wells Fargo, N.A., et al.,* USDC Case 09-SACV-0669 CJC (MLCx); *Kim v. Wells Fargo, N.A., et al.,* USDC Case 09-CV-4080 MRP (SHx); *Farhat Sheik v. Wells Fargo,* USDC Case 09-CV-05637 JSL (SSx); *Young K. Lee v. PMC Bancorp, et al.,* USDC Case 09-CV-05327 CAS (CTx); *Jenny N. Lee v. PMC Bancorp, et al.,* USDC Case 09-CV-05652 RSWL (RMCx); *Hun D. Ha v. Primus Lending, et al.,* USDC Case 09-CV-05818 RSWL (RMCx); *Tae M. Oh v. Wells Fargo,* RSC Case No. RIC 531380; *Hyo P. Lee v. Wells Fargo,* LASC Case No. BC418497; *A. Pena v. Countrywide,* LASC Case No. BC415357; *Hyun v. Well Fargo Bank,* USDC Case No. CV09-00935 SGL; *Ko v. Wells Fargo,* USDC Case No. 5918 VBF (CWx); *Essakhani v. Wells Fargo,* USDC Case No. 01145 AWI(GSA); *Yoon v. Well Fargo Bank,* USDC Case No. CV09-3263 RGK (RZx); *Byung H. Lee v. Wells Fargo,* USDC Case No. CV09-05989 CAS (JCx); *Young B. Lee v. Wells Fargo,* LASC Case No. BC417866; *Jonathan Kim v. Wells Fargo,* LASC Case No. BC418348; and *Young K. Lee v. Bank of America,* USDC Case No. CV09-05327 CAS (CTx).

1       Plaintiff's Complaint asserts causes of action against Wells Fargo for

2  violation of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures

3  Act ("RESPA"), Fair Housing Act ("FHA"), Equal Credit Opportunity Act

4  ("ECOA"), Unruh Act, Fraud, violation of California Business & Professions Code

5  ("B&PC") and Breach of the Implied Covenant of Good Faith and Fair Dealing.

6  Plaintiff also seeks declaratory relief.  As set forth below, Plaintiff's Complaint

7  fails to state facts upon which relief can be granted for any of her causes of action.

8       In addition, Plaintiff's Complaint contains virtually no factual allegations

9  regarding the wrongful acts that Wells Fargo allegedly committed.  Hence, in the

10  alternative, Plaintiff should be required to provide a more definite statement of her

11  allegations.

12  **II.    STATEMENT OF FACTS**

13       On or about August 2, 2006, Plaintiff purchased real property located at

14  145 East Harmon Avenue, #1618, Las Vegas, Nevada 89109 ("Subject Property").

15  *See* Compl., ¶13; *see* Request for Judicial Notice ("RJN"), Ex. 1.  On or about

16  August 2, 2006, Plaintiff obtained a first lien in the amount of $318,750 from

17  defendant FNBA ("Subject Loan") to finance the purchase of the Subject Property.

18  *See* Compl., ¶14; *see* RJN, Ex. 2.

19       On April 15, 2009, a Notice of Default was recorded on Plaintiff's first lien.

20  *See Id.*, at Ex. 3.  On July 17, 2009, a Notice of Trustee's Sale was recorded for the

21  Subject Property to be foreclosed.  *See Id.*, at Ex. 4.  Plaintiff filed her Complaint

22  on July 14, 2009.  *See* Compl.

23  **III.    PLAINTIFF'S ALLEGATIONS**

24       Plaintiff alleges that the "Subject Loan (or at least the servicing) was

25  transferred to Defendant GMAC and then to Defendant Wells Fargo" and that

26  Wells Fargo violated RESPA by not providing Plaintiff with notice of the loan

27  servicing transfer.  Compl., ¶¶16, 33.  Without providing any other allegations

28  against Wells Fargo, Plaintiff alleges that Wells Fargo is liable for unspecified

1   violations of TILA and RESPA since it is purportedly a successor in interest to

2   FNBA. In addition, although Plaintiff's causes of action for discrimination, fraud,

3   violation of B&PC and breach of the implied covenant of good faith and fair

4   dealing relate to FNBA originating the Subject Loan, Plaintiff alleges that Wells

5   Fargo is vicariously liable for FNBA's actions without providing any factual or

6   legal support. *See Id.*, at ¶¶41, 47, 51, 60, 68, and 74.

7   **IV.    PLAINTIFF'S COMPLAINT IS SUBJECT TO A MOTION TO**

8          **DISMISS**

9          On a motion to dismiss, the Court accepts as true the facts properly pleaded

10  in the complaint, but not conclusions of law, unreasonable inferences, or

11  unwarranted deductions of fact cast in the form of factual allegations. *See*

12  *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *see In re Verifone Secs.*

13  *Litig.*, 11 F.3d 865, 868 (9th Cir. 1993); *see Western Mining Council v. Watt*, 643

14  F.2d 618, 624 (9th Cir. 1981). "[A] plaintiff's obligation to provide the 'grounds'

15  of his 'entitlement to relief' requires more than labels and conclusions, and a

16  formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*

17  *Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). "[F]actual allegations must be

18  enough to raise a right to relief above the speculative level." *Id.* at 1965.

19         A motion to dismiss tests the legal sufficiency of the claims alleged in the

20  complaint. *See Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal.

21  1998). A claim is properly dismissed for "lack of a cognizable legal theory,"

22  "absence of sufficient facts alleged under a cognizable legal theory" or seeking

23  remedies to which plaintiff is not entitled as a matter of law. *Balistreri v. Pacifica*

24  *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910,

25  913 (9th Cir. 1986).

26         Contents of documents on which plaintiff's claim depends, that are

27  mentioned in the complaint and whose authenticity no party questions, may also be

28  considered even if the documents are not attached to the complaint. *See Knievel v.*

1  *ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Also, "it is proper for the district court

2  to 'take judicial notice of matters of public record outside the pleadings' and

3  consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary*

4  *Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

5        Where a plaintiff sues multiple defendants and sets forth multiple causes of

6  action, they "must allege the basis of his claim against *each defendant* to satisfy

7  Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement

8  of the claim to put defendants on sufficient notice of the allegations against them."

9  *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) (emphasis added).

10  Complaints that allege "wholesale 'everyone did everything' fails to comply with

11  the Rules." *Destfino v. Kennedy* (E.D. Cal. 2009) Slip Copy, 2009 WL 63566

12  [dismissing complaint for generally alleging Wells Fargo throughout when there

13  were eight defendants.]  "Specific identification of the parties to the activities

14  alleged is required ... to enable the defendant[s] to plead intelligently." *Van Dyke*

15  *Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (E.D. Wis. 1975).

16        Hence, Wells Fargo's Motion to Dismiss Plaintiff's Complaint is proper.

17  **V.    PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF CAN**

18         **BE GRANTED UNDER TILA**

19        The first cause of action in Plaintiff's Complaint claims that Wells Fargo

20  violated the Truth In Lending Act ("TILA").  *See* Compl., ¶¶22-28.  Plaintiff

21  alleges that Wells Fargo is liable for statutory damages as a result of these alleged

22  TILA violations and that she is entitled to rescind the Subject Loan. *See Id.*, at ¶28,

23  Prayer, ¶¶2-4.  However, as set forth below, Plaintiff's claim for damages under

24  TILA is time barred, she cannot rescind the Subject Loan since it is a purchase

25  money loan, she cannot rescind absent a tender of the entire amount due on the

26  Subject Loan, she fails to state a claim against Wells Fargo upon which relief can

27  be granted under TILA since it did not originate the Subject Loan and the loan is

28  subject to the statute of frauds.

A.    **Plaintiff's Claim For Damages Under TILA Is Time Barred By The One-Year Statute of Limitations**

"[A]n action for damages under TILA must be brought within one year from the alleged violation." *See Eubanks v. Liberty Mortgage Banking Ltd.*, 976 F.Supp. 171, 174 (E.D.N.Y. 1997) (citing 15 U.S.C. §1640(e); *see also King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986). The violation occurs and the one-year limitations period accrues upon consummation of the loan. *See Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp.2d 1253, 1258 (D. Colo. 2004); *see also* 12 C.F.R. §226.2(a)(13) (a loan is deemed consummated at "the time a consumer becomes contractually obligated on a credit transaction").

On August 2, 2006, Plaintiff obtained the Subject Loan from FNBA, *i.e.*, the loan was consummated on that date. *See* Compl., ¶14; *see* RJN, Ex. 2. Hence, the statute of limitations on Plaintiff's claim for damages under TILA expired on August 2, 2007. However, Plaintiff filed her Complaint on July 14, 2009. *See* Compl. Therefore, Plaintiff's claim for damages under TILA is time barred.

B.    **Plaintiff Cannot Rescind The Subject Loan Since It Is A Purchase Money Mortgage**

"There is no statutory right of rescission under TILA where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside." *See, also, Murray v. Fifth Third Bank*, 2007 WL 956916, at *2 (E.D. Mich. 2007); *see also Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp.2d 1253, 1260 (D. Colo. 2004); *see also* 15 U.S.C. §§1602(w); 1635(e)(1); 12 C.F.R. §226.23(f)(1).

Here, Plaintiff obtained the Subject Loan from FNBA to finance the acquisition of the Subject Property. *See* Compl., ¶14; *see* RJN, Ex. 2. Thus, Plaintiff's rescission claim should be dismissed with prejudice since she cannot rescind a purchase money loan.

**C.    Plaintiff Cannot Rescind Under TILA Absent A Tender Of The Entire Amount Due On The Subject Loan**

To seek rescission under TILA, a plaintiff must return to the lender the principal of the mortgage loan minus all interest and fees paid to the creditor and all third parties at closing, and any fees paid to the creditor after closing (the "Rescission Balance"). *See Semar v. Platte Valley Federal Savings and Loan*, 791 F.2d 699 (9th Cir. 1986). Thus, a plaintiff must allege that they have tendered the Rescission Balance or are financially capable of doing so as a prerequisite to a TILA claim.

Under the literal language of 15 U.S.C. §1635(b), when the consumer exercises the right of rescission, the security interest becomes void. Within 20 days of receipt of a rescission demand, the creditor is required to terminate the security interest. *See* 15 U.S.C. §1635(a). The consumer is not required to return the principal of the loan to the creditor until the creditor has released the security interest. *See* 15 U.S.C. §1635(b). In effect, the creditor would be left unsecured if the consumer failed to return the principal balance.

However, the final sentence of Section 1635(b) has been interpreted to allow courts the right to demand that the borrower return the loan's principal balance to the creditor as a prerequisite to rescinding that loan. This sentence states that "the procedures prescribed by this subsection shall apply except when otherwise ordered by a court." In applying this sentence, federal courts have used equitable principles to benefit a mortgage lender in a rescission claim that could otherwise lead to inequitable consequences.

The Ninth Circuit has ruled that a plaintiff cannot effectuate rescission unless they can return the principal amounts borrowed as required by Reg. Z. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) (courts have the power to confirm that the borrower "could repay the loan proceeds before going through the empty (and expensive) exercise of a trial on the merits").

1    Here, Plaintiff does not allege in her Complaint that she tendered the

2   Rescission Balance of the Subject Loan to FNBA or the current owner. *See* Compl.

3   She simply concludes that she "has the ability to tender payment for one or both

4   loans if required." *See Id.*, at ¶13. Notwithstanding that Plaintiff does not make

5   any allegations regarding a second loan, this speculative allegation fails. "An offer

6   of performance is of no effect if the person making it is not able and willing to

7   perform according to the offer." *See* Civ. Code §1495. Here, Plaintiff is clearly not

8   able to tender the balance of the Subject Loan since she has failed to make any loan

9   payments for nearly one year and has already had a Notice of Default and Notice of

10   Trustee's Sale recorded against the Subject Property. *See* RJN, Exs. 3-4.

11          **D.      Plaintiff's Complaint Fails To State A Claim Under TILA**

12          To state a claim for violation of TILA, plaintiffs must specifically plead the

13   details of the loan, the disclosures accompanying it that they believe were

14   improperly given and how the disclosures are improper. *See Marks v. Chicoine*,

15   No. C 06-06806 SI, 2007 WL 1160992 at *7 (N.D. Cal. 2007) (dismissing HOEPA

16   and TILA claims for failure to allege how defendants violated those statutes);

17   *Justice v. Countrywide Home Loans, Inc.*, No. 3:05-CV-008, 2006 U.S. Dist.

18   LEXIS 3369, *5, 2006 WL 141746, at *2 (E.D. Tenn. 2006) (dismissing TILA

19   claim based upon the "mere recitation of statutory language, absent supporting

20   allegations").

21          Here, Plaintiff only concludes that Wells Fargo is liable under TILA since it

22   is the "successor in interest to FNBA" and the servicing of the Subject Loan, and

23   perhaps the ownership, was transferred to Wells Fargo. *See* Compl., ¶¶16, 19.

24   Hence, Plaintiff fails to allege that Wells Fargo was assigned the Subject Loan and,

25   moreover, there is no assignee liability for a loan servicer who is not and was not

26   the owner of the loan. 15 U.S.C. §1641(f)(1). *See* RJN, Ex. 2. In addition,

27   Plaintiff merely concludes that FNBA violated TILA "in one or more of the

28

1  following ways" without identifying which subsection it actually did violate or

2  providing any factual support. *See* Compl., ¶25.

3     Notwithstanding that the deed of trust reflects FNBA as the lender/

4  beneficiary on the first lien, Plaintiff's TILA claims as to the first lien, even

5  assuming assignee liability, fail for the same reasons articulated above, *i.e.*, the one

6  year statute of limitations as to TILA damages, the inability to effectuate rescission

7  on a purchase money loan and the failure to allege a tender of the amount due on

8  the Subject Loan.

9     Therefore, Plaintiff's cause of action against Wells Fargo for violations of

10  TILA should be dismissed with prejudice.

11  **E.     The Statute Of Frauds Enforces The Subject Loan, Which**

12  **Plaintiff Is Estopped From Challenging**

13     Further, a mortgage loan is subject to the statute of frauds, and Plaintiff is

14  further protected by the statute of fraud's requirements that the terms of the Subject

15  Loans be in writing. *See* Civ. Code §1624(a)(6). Plaintiff is not claiming that her

16  actual loan terms were different than those contained in the loan documents. *See*

17  Compl. Plaintiff also does not dispute that her signature is on the loan documents

18  or Deed of Trust. *Id.* Hence, the loan documents are enforceable and not subject to

19  oral modification.

20     In addition, one who signs a contract "is estopped from saying that its

21  explicit provisions are contrary to his intentions or understanding." *Estate of*

22  *Anderson*, 60 Cal.App.4th 436, 442 (1997). "Reasonable diligence requires the

23  reading of a contract before signing it." *24 Hour Fitness, Inc. v. Superior Court*, 66

24  Cal.App.4th 1199, 1215 (1998). "Where the terms of an agreement are set forth in

25  writing, and the words are not equivocal or ambiguous, the writing or writings will

26  constitute the contract of the parties, and one party is not permitted to escape from

27  its obligations by showing that he did not intend to do what his words bound him to

28  do." *Brant v. California Dairies, Inc.*, 4 Cal.2d 128, 133-134 (1935); *Glen Holly*

1  *Entertainment, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003).  Thus,

2  Plaintiff had a duty to read the loan documents and is estopped from claiming that

3  she is not bound by the terms of the Subject Loan.

4      Therefore, Plaintiff's TILA claim fails and should be dismissed with

5  prejudice.

6  **VI.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF**

7  **RESPA**

8      **A.    Plaintiff's Yield Spread Premium Claim Is Time Barred**

9      The statute of limitations for an action under section 2607 of RESPA for

10  illegal kickbacks or fees must be brought within one year from the date of the

11  occurrence of the violation.  *See* 12 U.S.C. §§2614, 2607.  The date of the

12  occurrence of the alleged violation of section 2607 is the date of the home loan

13  transaction.  *See Blue v. Fremont Inv. & Loan*, 562 F.Supp.2d 33, 43-44 (2008).

14  Yield spread premiums are considered illegal kickbacks and fees under

15  section 2607 of RESPA unless the mortgage broker performed some services and

16  the yield spread premium was payment for those services.  *See Culpepper v. Irwin*

17  *Mortgage Corp.*, 253 F.3d 1324 (2001).

18      Here, on August 2, 2006, Plaintiff obtained the Subject Loan from FNBA,

19  *i.e.*, the loan was consummated on that date.  *See* Compl., ¶14; *see* RJN, Ex. 2.

20  Hence, the statute of limitations on Plaintiff's claim for violation of section 2607 of

21  RESPA expired on August 2, 2007.  However, Plaintiff filed her Complaint on

22  July 14, 2009.  *See* Compl.  Therefore, Plaintiff's TILA claim for damages is time

23  barred.

24      **B.    Plaintiff Fails To State A RESPA Claim**

25      RESPA creates private rights of action to redress only three types of

26  wrongful acts:  (1) payment of a kickbacks for real estate settlement services (12

27  U.S.C. §2607(d)); (2) requiring a buyer to use a title insurer selected by the seller

28  (12 U.S.C. §2608(b)); and (3) failure by a loan servicer to give proper notice of a

1   transfer of servicing rights or to respond to a qualified written request for

2   information about a loan (12 U.S.C. §2605(f)).

3       First of all, Plaintiff alleges that "FNBA violated RESPA in one or more of

4   the following ways" without specifically identifying any section of RESPA it

5   violated or providing any factual support and that Wells Fargo is liable for FNBA's

6   actions since it was its successor in interest. *See Compl.*, ¶31. However, there is no

7   assignee liability under RESPA. 12 U.S.C. §2601, 12 U.S.C. §2605. Hence,

8   Plaintiff fails to state a RESPA claim on this ground alone since Wells Fargo

9   cannot be liable for FNBA's actions as a matter of law even assuming that it is

10   deemed an assignee of the Subject Loan.

11       Further, Plaintiff alleges that FNBA failed to provide certain disclosures in

12   the good faith estimate. *See Compl.*, ¶31(b). However, neither RESPA nor Reg. X

13   grants a private remedy for failure to provide the required disclosures in a Good

14   Faith Estimate, and no private remedy may be created by implication. *See*

15   *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997) ("Accordingly,

16   we hold … there is no private civil action for a violation of 12 U.S.C. §2604(c), or

17   any regulations relating to it."); *see also Walker v. Artisan Mortgage, LLC*, 2008

18   WL 2026365, at *3 (D. Ariz. 2008); *Johnson v. Countrywide Home Loans*, 2008

19   WL 4540449, at *1 (S.D. Fla. 2008).

20       Also, Plaintiff's claim that Wells Fargo violated section 2607 of RESPA

21   fails. RESPA is, among other things, an anti-kickback statute prohibiting payments

22   to others for undisclosed and unlawful referrals. *See* 12 U.S.C. §2607(a).

23   However, yield spread premiums are "used as a method to compensate mortgage

24   brokers for services provided to borrowers and the lender." *Byars v. SCME*

25   *Mortgage*, 109 Cal.App.4th 1134, 1149 (2003) (emphasis added); 66 Fed. Reg.

26   53052, 53054. Hence, yield spread premiums are necessary to compensate

27   mortgage brokers that assist homeowners in obtaining loans. They are not

28   automatically considered kickbacks in violation of RESPA.

1   Here, Plaintiff simply concludes that FNBA gave or received an improper

2   yield spread premium. *See* Compl., ¶31(f). Hence, Plaintiff fails to identify how

3   such fees were excessive or unlawful, or when or where the payment was made.

4   *Id.*, at ¶¶29-34. Moreover, Plaintiff does not allege that the Subject Loan was

5   originated by a mortgage broker. *Id.*

6   Furthermore, Plaintiff's claim that Wells Fargo violated the loan servicing

7   provisions of RESPA fails. A mortgage loan servicer is required to provide notice

8   to a borrower when a loan is transferred to a new servicer and forbids the

9   imposition of late fees on payments made within 60 days of such a transfer. *See* 12

10  U.S.C. §§2605(a)-(d). Here, Plaintiff fails to allege who failed to give the notice of

11  a transfer or when the transfer occurred. *See* Compl., ¶¶29-34. She also fails to

12  allege that she was charged late fees within sixty days of any transfer. *See Id.*

13  Thus, her allegation that Wells Fargo violated section 2605 of RESPA fails.

14  Therefore, Plaintiff's claim that Wells Fargo violated RESPA should be

15  dismissed without leave to amend.

16  **VII.  PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF**

17  **CAN BE GRANTED FOR VIOLATION OF THE FAIR HOUSING**

18  **ACT**

19  **A.    Plaintiff's FHA Claim Is Time Barred**

20  The statute of limitations for violations of the Fair Housing Act ("FHA") is

21  two years from the date of the discriminatory act. *See* 42 U.S.C. 3613(a)(1)(a).

22  Here, Plaintiff alleges that FNBA discriminated against her by offering her less

23  favorable terms and conditions on the Subject Loan than white borrowers. *See*

24  Compl., ¶39. Hence, these alleged discriminatory acts occurred at or prior to

25  FNBA originating the Subject Loan on August 2, 2006. However, Plaintiff filed

26  her Complaint on July 14, 2009. *See* Compl. Therefore, her FHA claim is time

27  barred.

28

### B.    Plaintiff Fails To State An FHA Claim

To plead a claim under the FHA, Plaintiff must allege that (a) they are members of a protected class; (b) they applied for a loan from Defendant to purchase or refinance residential real estate; (c) Defendant denied them credit despite being qualified and (d) Defendant approved loans for other parties with similar qualifications. *See Michigan Protection and Advocacy Service, Inc. v. Babin*, 18 F.3d 337 (6th Cir. 1994); *see Hickson v. Home Federal of Atlanta*, 805 F.Supp. 1567 (N.D. Ga. 1992).

First, Plaintiff fails to allege that she applied for any loan from Wells Fargo. *See* Compl. Hence, her FHA claim fails on this ground alone. In addition, Plaintiff fails to allege any of the elements of an FHA claim except that she applied for a loan from FNBA. *See* Compl., ¶14. Furthermore, Plaintiff's admission that FNBA approved the Subject Loan makes her FHA claim untenable. *See Id.*

In addition, Plaintiff's FHA claim is predicated on her allegation that FNBA discriminated against her by offering her less favorable terms and conditions than similarly situated white borrowers who were not better qualified. *See Id.*, at ¶39. Assuming that this theory of recovery is recognized in the Ninth Circuit, plaintiffs must allege: (1) that they are members of a protected class; (2) that they applied and were qualified for loans; (3) that the loans were given on grossly unfavorable terms; and (4) that the lender either intentionally targeted them for unfair loans or currently makes loans on more favorable terms to others. *See Munoz v. International Home Capital Corp.*, 2004 WL 3086907, at *4 (N.D. Cal. 2004).

Here, Plaintiff fails to allege that she is in a protected class, the loan terms were grossly unfavorable or that she was intentionally targeted for an unfair loan. *See* Compl., ¶¶35-41. She simply concludes that her loan terms were "less favorable" than those offered by FNMA to white people. *See Id.*, at ¶39. This is a legal conclusion couched as a factual allegation that is not entitled to a presumption of truth.

1    Therefore, Plaintiff's FHA claim should be dismissed without leave to amend

2   since it is incapable of being cured.

3   **VIII.  PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF**

4   **CAN BE GRANTED FOR VIOLATION OF THE EQUAL CREDIT**

5   **OPPORTUNITY ACT**

6   **A.    Plaintiff's ECOA Claim Is Time Barred**

7   The statute of limitations for violations of the Equal Credit Opportunity Act

8   ("ECOA") is two years from the date of the discriminatory act. *See* 15 U.S.C.

9   §1691e(f). Here, Plaintiff alleges that FNBA discriminated against her by offering

10  her less favorable terms and conditions on the Subject Loan than white borrowers.

11  *See* Compl., ¶45. Hence, these alleged discriminatory acts occurred at or prior to

12  FNBA originating the Subject Loan on August 2, 2006. However, Plaintiff filed

13  her Complaint on July 14, 2009. *See* Compl. Therefore, her ECOA claim is time

14  barred.

15  **B.    Plaintiff Fails To State An ECOA Claim**

16  To plead a claim under the ECOA, plaintiffs must allege that (a) they are

17  members of a protected class; (b) they applied for credit; (c) they qualified for

18  credit; and (d) they were denied credit despite being qualified. *See Chiang v.*

19  *Veneman*, 385 F.3d 256, 259 (3rd Cir. 2004). Thus, the ECOA was implemented to

20  ensure that applicants have an equal opportunity to obtain credit.

21  First, Plaintiff fails to allege that she applied for any form of credit from

22  Wells Fargo. *See* Compl. Hence, her ECOA claim fails on this ground alone. In

23  addition, Plaintiff fails to allege any of the elements of an ECOA claim except that

24  she applied for a loan from FNBA. *See* Compl., ¶14. Hence, Plaintiff fails to

25  allege that she is a member of a protected class or that she was denied credit despite

26  being qualified. *See* Compl., ¶¶42-47. In fact, Plaintiff admits that FNBA

27  approved the Subject Loan, which is a fatal defect to her ECOA claim. *See Id.*, at

28  ¶14. Accordingly, Plaintiff's claim that Wells Fargo violated the ECOA should be

1 dismissed without leave to amend since it is incapable of being cured by

2 amendment.

## IX. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR VIOLATION OF CIVIL CODE §51.5

### A. Plaintiff's Unruh Act Claim Is Time Barred

The statute of limitations for a claim under Civil Code §51.5 ("Unruh Act")

is two years. *See West Shield Investigations and Sec. Consultants v. Sup. Ct.*, 82

Cal.App.4th 935, 952-953 (2000); *see also Gatto v. Co. of Sonoma*, 98 Cal.App.4th

744, 754-760 (Cal. 1st Dist., Div. 2 2002); *see also Code of Civ. Proc.* §335.1.

Therefore, since Plaintiff alleges that Wells Fargo is vicariously liable for

FNBA discriminating against her based on the origination of the Subject Loan, the

statute of limitations on Plaintiff's Unruh Act claim expired on August 2, 2008.

However, Plaintiff filed her Complaint on July 14, 2009. *See* Compl. Hence,

Plaintiff's Unruh Act claim is time barred and should be dismissed with prejudice.

### B. Plaintiff Fails To State An Unruh Act Claim

The Unruh Act prohibits business establishments from discriminating

against, boycotting or blacklisting, or refusing to buy from, contracting with, selling

to, or trading with any person. *See* Civil Code §51.5. "A plaintiff seeking to

establish a case under the Unruh Act must plead and prove intentional

discrimination." *Harris v. Capital Growth Investors XIV, et al.*, 52 Cal.3d 1142,

1175 (1991).

Plaintiff's Complaint fails to allege any facts establishing that Wells Fargo

engaged in any of the prohibited actions. *See* Compl., ¶¶48-51. Plaintiff simply

replicates her legal conclusions verbatim from her FHA and ECOA claims by

alleging that FNBA discriminated against her by offering less favorable terms and

conditions than similarly situated white borrowers who were not better qualified for

her loans and that Wells Fargo is vicariously liable for these actions. *See Id.*, at

¶¶49-51. She fails to allege that FNBA intentionally discriminated against her,

1 | when it occurred or how it was discriminatory. *See Id.*, at ¶¶48-51. And,

2 | importantly, there could not have been any discrimination because FNBA approved

3 | her for the Subject Loan.

4 | Thus, Plaintiff's claim for violation of the Unruh Act should be dismissed

5 | without leave to amend.

6 | **X.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF**

7 | **CAN BE GRANTED FOR FRAUD**

8 | **A.    Pleading Standard For Fraud Claims**

9 | Under well-established California law, "general pleading of the legal

10 | conclusion of fraud is insufficient." *Wilhelm v. Pray, Price, Williams & Russell*,

11 | 186 Cal.App.3d 1324, 1331 (1986). Instead, "every element of the cause of action

12 | for fraud must be alleged in full, factually and specifically, and the policy of liberal

13 | construction of pleading will not usually be invoked to sustain a pleading that is

14 | defective in any material respect." *Id.*

15 | The elements of fraud under California law are: (a) misrepresentation (false

16 | representation, concealment, or nondisclosure); (b) knowledge of the statement's

17 | falsity (scienter); (c) intent to defraud (*i.e.*, to induce action in reliance on the

18 | misrepresentation); (d) justifiable reliance; and (e) resulting damage. *See, e.g.*,

19 | *Flaxel v. Johnson*, 541 F.Supp.2d 1127, 1145 (S.D. Cal. 2008); *Johnson v. First*

20 | *Fed. Bank of California*, 2008 WL 2705090, at *5 (N.D. Cal. 2008); *Lazar v.*

21 | *Superior Court*, 12 Cal.4th 631, 638 (1996); *Buckland v. Threshold Enters., Ltd.*,

22 | 155 Cal.App.4th 798, 806-07 (2007).

23 | In addition, under Fed. R. Civ. P. 9(b), a party alleging fraud must state with

24 | particularity the circumstances constituting fraud. To meet this standard, the

25 | complaint must allege "particular facts going to the circumstances of the fraud,

26 | including time, place, persons, statements made and an explanation of how or why

27 | such statements are false or misleading." *See Morris v. BMW of N. Am., LLC*, 2007

28 | WL 3342612, at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d

1541, 1547-48 n.7 (9th Cir. 1994) (*en banc*); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Since "allegations of fraud involve a serious attack on character, fairness to the defendant demands he should receive the fullest possible details of the charge in order to prepare his defense." *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 216 (1983).

### B.    Plaintiff's Fraud Claim

Here, Plaintiff does not plead her fraud claim against Wells Fargo with specificity. *See* Compl., ¶¶52-60. First, Plaintiff only makes the conclusory allegation that FNBA attempted to defraud Plaintiff by failing to provide the note, TILDS, HUD-1 or the right to cancel notice and failed to provide the loan documents in Korean. *See Id.*, at ¶53. Notwithstanding that Plaintiff fails to allege any basis on which Wells Fargo can be vicariously liable for FNBA's actions, Plaintiff fails to allege the time, place, persons, statements made, and an explanation of how or why such statements are false or misleading, which is required for fraud claims under Rule 9(b). *See Id.*, at ¶¶52-60. Plaintiff also fails to allege that the persons who allegedly made these misrepresentations had authority to speak on behalf of FNBA. *See Id.*

Therefore, Plaintiff's fraud claim should be dismissed without leave to amend.

### XI.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, *ET SEQ.*

### A.    Plaintiff's B&PC §17200, *Et Seq.* Claim Is Preempted

In enacting the Truth in Lending Simplification and Reform Act of 1980, Congress carefully limited and tailored the relief that private plaintiffs could obtain for TILA violations, balancing the need for private enforcement of the act against the equally pressing concern that creditors not be over-penalized. TILA expressly

preempts state laws that are "inconsistent with the provisions of" TILA, to the extent of the inconsistency. 15 U.S.C. §1610(a)(1).

An action based on Business & Professions Code ("B&PC") §17200 to redress an unlawful business practice "borrows violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 *et seq.* and subject to the distinct remedies provided thereunder." *See Farmers Ins. Exchange v. Superior Court,* 2 Cal.4th 377, 383 (1992). The UCL's "distinct remedies" include injunctive relief and restitution. *See* B&PC §17200. Hence, B&PC §17200 is inconsistent with TILA because it provides remedies above and beyond those provided by TILA. Therefore, a plaintiff cannot pursue a B&PC §17200 claim that is based on a TILA claim. *See, also, Reyes v. Downey Sav. & Loan Ass'n,* 541 F.Supp.2d 1108, 1115 (C.D. Cal. 2008); *Nava v. Virtual Bank,* 2008 WL 2873406, at *7 (E.D. Cal. 2008).

Here, Plaintiff is alleging violations of B&PC §17200, as well as violations of TILA. *See* Compl. In fact, Plaintiff's B&PC §17200 claim is predicated on the exact same allegations she made in her TILA claim. *See Id.,* at ¶¶61-68. Thus, TILA preempts her B&PC §17200 claim and it should be dismissed without leave to amend.

### B. Plaintiff Does Not Allege That She Has Standing To Assert A Cause Of Action Under Section 17200, *Et Seq.*

Proposition 64 amended B&PC §17200 in two ways pertinent to this case: (1) it removed the prior statutory rule granting standing to "any person," and (2) it eliminated the prior statutory rule allowing for private representative actions without class certification. Plaintiffs can no longer seek relief on behalf of the "general public" unless they follow the class action procedure set forth in section 382 of the C.C.P. *See* B&PC §17203; *see* C.C.P. §382.

1    Here, Plaintiff repeatedly makes allegations regarding FNBA "offering and

2  making loans to other borrowers of Asian or Korean ethnicity and/or national origin

3  on terms less favorable than those offered to similarly situated borrowers of a

4  different race, ethnicity and/or national origin." *See* Compl., ¶¶61-68. Hence,

5  Plaintiff is attempting to seek relief on behalf of the general public in addition to

6  her. However, she does not allege that she is bringing her claim on behalf of a

7  class, she intends to seek the certification of any purported class or that she meets

8  the class action requirements of section 382 of the C.C.P. *See Id.* This is exactly

9  the sort of claim that the California legislature sought to prevent by amending

10  B&PC §17200. Plaintiff cannot make any contention that the conduct of Wells

11  Fargo in connection with the Subject Loan grants standing upon her to bring a

12  B&PC §17200 claim because her case is specific to her allegations only.

13    **C.    Plaintiff Has Not Pled Her Cause Of Action Under B&PC §17200,**

14    ***Et Seq.*** **With Reasonable Particularity**

15    "A plaintiff alleging unfair business practices … must state with reasonable

16  particularity the facts supporting the statutory elements of the violation." *Khoury v.*

17  *Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993). In order to maintain a

18  cause of action for unfair business practices, a plaintiff must allege that a defendant

19  engaged in business conduct that was unfair, unlawful, or fraudulent. *See* B&PC

20  §17200. In *Khoury*, the court held that the defendants' demurrer to plaintiff's

21  unfair business practices claim was properly sustained because the complaint

22  "identifies no particular section of the statutory scheme which was violated and

23  fails to describe with any reasonable particularity the facts supporting the

24  violation.… The complaint does not describe the manner in which [the

25  defendant's] practice is 'unlawful.'" *Khoury* at 619. In addition, damages are not

26  recoverable under the UCL. *See* B&PC §17203; *see Korea Supply Co. v. Lockheed*

27  *Martin Corp.*, 29 Cal.4th 1134, 1144 (2003).

28

1    Here, Plaintiff's Complaint is devoid of any particular allegations regarding

2  the section of B&PC §17200, *et seq.* that Wells Fargo allegedly violated or the facts

3  that support the alleged violations. *See* Compl., ¶¶61-68. Plaintiff simply alleges

4  that Wells Fargo is vicariously liable for FNBA engaging in unlawful business

5  practices without stating with reasonable particularity the facts supporting the

6  alleged violations. *See Id.* Finally, Plaintiff seeks damages pursuant to this claim,

7  which are not recoverable. *See Id.*, at ¶67. Thus, her damages request should be

8  stricken.

9      **D.    Plaintiff's Cause Of Action Under B&PC §17200, *Et Seq.* Fails**

10             **Since The Underlying Causes Of Action Fail**

11      In addition, an underlying violation of law is required to maintain a cause of

12  action for violation of B&PC §17200, *et seq. See Krantz v. BT Visual Images,*

13  *L.L.C.*, 89 Cal.App.4th 164, 178 (2001); *see People v. Duz-Mor Diagnostic Lab.,*

14  *Inc.*, 68 Cal.App.4th 654, 673 (1998). Thus, a defense to the predicate claim is a

15  defense to the alleged violation of the UCL. *See Id.* As explained in this Motion,

16  Plaintiff's Complaint fails to state a claim upon which relief can be granted for any

17  of her causes of action against Wells Fargo.

18      Therefore, Plaintiff's cause of action for violation of B&PC §17200, *et seq.*

19  fails as well and should be dismissed with prejudice.

20  **XII.  PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF**

21         **CAN BE GRANTED FOR BREACH OF THE IMPLIED COVENANT**

22         **OF GOOD FAITH AND FAIR DEALING**

23      "The implied covenant of good faith and fair dealing rests upon the existence

24  of some specific contractual obligation. . . . There is no obligation to deal fairly or

25  in good faith absent an existing contract." *Racine & Laramie, Ltd. v. Department*

26  *of Parks & Recreation*, 11 Cal.App.4th 1026, 1031-1032 (1992). Indeed, "[T]he

27  implied covenant is a supplement to an existing contract, and thus it does not

28  require the parties to negotiate in good faith prior to any agreement." *McClain v.*

*Octagon Plaza, LLC*, 159 Cal.App.4th 784, 798 (2008). Hence, an implied covenant applies to the performance or enforcement of a contract, not to the formation of a contract.

In this matter, Plaintiff seeks to imply an extra-contractual covenant of good faith and fair dealing since all of her allegations are in connection with FNBA originating the Subject Loan, *i.e.*, forming the Subject Loan agreement. *See* Compl., ¶¶69-74. Hence, an implied covenant does not apply to Plaintiff's allegations since they are not related to the performance of the contract. Moreover, Plaintiff fails to allege a breach of contract cause of action. *See* Compl.

Further, no special relationship exists between Plaintiff and Wells Fargo to warrant tort recovery. "[T]ort recovery for breach of the covenant [of good faith and fair dealing] is available only in limited circumstances, generally involving a special relationship between the contracting parties, such as the relationship between an insured and its insurer." *Bionghi v. Metro. Water Dist.*, 70 Cal.App.4th 1358, 1370 (1999); *see Mitsui Mfrs. Bank v. Super. Ct.*, 212 Cal.App.3d 726, 729 (1989) ("We reject real parties' argument that the tort doctrine which has been extended only to situations where there are unique fiduciary-like relationships between the parties, should encompass normal commercial banking transactions").

The Subject Loan at issue occurred in a typical commercial context wherein the contracting parties were in an ordinary creditor-borrower relationship. *See* Compl., ¶14. Plaintiff does not allege that there was a special relationship between her and Wells Fargo. *See* Compl.

Therefore, Plaintiff cannot maintain a cause of action for breach of the implied covenant of good faith and fair dealing against Wells Fargo so it should be dismissed with prejudice.

1 | **XIII. PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF CAN**
2 | **BE GRANTED FOR DECLARATORY RELIEF**
3 | Declaratory relief is not an independent cause of action, but instead a form of
4 | equitable relief. *See Batt v. City and County of San Francisco*, 155 Cal.App.4th 65
5 | (2007); *see also Dills v. Delira Corp.*, 145 Cal.App.2d 124, 129 (1956). Equitable
6 | remedies "are dependent upon a substantive basis for liability, [and] they have no
7 | separate viability" if all the plaintiff's other claims fails. *Glue-Fold, Inc. v.*
8 | *Slautterback Corp.*, 82 Cal.App.4th 1018, 1023, n. 3 (2000). When a plaintiff seeks
9 | a declaration from the court regarding claims that were dismissed, the declaratory
10 | relief claim is merely duplicative and is properly dismissed. *See Swartz v. KPMG,*
11 | *LLP*, 476 F.3d 756, 765-766 (9th Cir. 2007).
12 | Here, Plaintiff's declaratory relief claim is wholly derivative of her other
13 | claims. *See* Compl., ¶¶75-80. As set forth above, Plaintiff's Complaint fails to
14 | state facts upon which relief can be granted for any of her claims. Therefore,
15 | Plaintiff's claim for declaratory relief should be dismissed since it has no viability
16 | separate from her other claims.
17 | **XIV. ALTERNATIVELY, THE COURT SHOULD ORDER PLAINTIFF TO**
18 | **PROVIDE A MORE DEFINITE STATEMENT**
19 | Fed. R. Civ. P. 12(e) authorizes a motion for a more definite statement when
20 | the pleading is "so vague or ambiguous that [the defendant] cannot reasonably be
21 | required to frame a responsive pleading." A motion for a more definite statement is
22 | appropriate when the defendant is unable to determine from the complaint's
23 | allegations what issues it must meet. *See A.G. Edwards & Sons, Inc. v. Smith*, 736
24 | F.Supp. 1030, 1032 (D. Ariz. 1989).
25 | Here, none of Plaintiff's causes of action are pled "with such clarity and
26 | precision that the defendant will be able to discern what the plaintiff is claiming and
27 | to frame a responsive pleading." *Anderson v. District Bd. of Trustees*, 77 F.3d 364,
28 | 366-67 (11th Cir. 1996). Plaintiff's allegations against Wells Fargo are conclusions

1    couched as factual allegations. For example, Plaintiff fails to identify any section

2    of TILA or RESPA that Wells Fargo violated, fails to specify any act of

3    discrimination, and her entire Complaint against Wells Fargo is predicated on it

4    allegedly being the successor in interest to FNBA or vicariously liable for its

5    actions without providing any factual or legal support.

6        These sort of general allegations fail to comply with the federal requirement

7    of placing Wells Fargo on sufficient notice of the allegations against it in order to

8    file a proper responsive pleading and defend the case. Wells Fargo should not be

9    required to guess what Plaintiff's allegations are against it. When the complaint is

10   devoid of charging allegations specific to each defendant, it patently fails to identify

11   the issues Wells Fargo must meet.

12       Accordingly, Wells Fargo's alternative motion for a more definite statement

13   should be granted.

14   **XV.  PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND PUNITIVE**

15   **DAMAGES SHOULD BE STRICKEN**

16       Under the American Rule, as a general proposition, each party must pay its

17   own attorneys' fees. *See Gray v. Don Miller & Associates, Inc.*, 35 Cal.3d 498-504

18   (1984). Under California law, each party is to bear its own attorneys' fees unless a

19   statute or other agreement between the parties provides otherwise. *See* C.C.P.

20   §1021.

21       Here, Plaintiff prays for the recovery of attorneys' fees. *See* Compl., Prayer.

22   However, Plaintiff does not allege or identify any statute or agreement that provides

23   for the recovery of attorneys' fees. *See Id.* Therefore, as a matter of law, Plaintiff

24   does not and cannot plead the essential facts necessary to show a statutory or

25   contractual basis to support the recovery of attorneys' fees.

26       In addition, a claim for punitive damages cannot be pled generally. A

27   pleading must contain allegations of ultimate facts sufficient to support a finding of

28   oppression, fraud or malice as those terms are defined by Civil Code §3294(c). *See*

*Brousseau v. Jarrett*, 73 Cal.App.3d 864 (1977). Actions for punitive damages must be supported with specific factual pleading of willfulness with specific intent to injure. Not only must the act be willful but it also must be accompanied by aggravating circumstances amounting to malice. *See G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22, 28-32 (1975).

In this case, Plaintiff's Complaint does not contain any factual allegations against Wells Fargo that would constitute oppression, fraud or malice as statutorily defined. *See* Compl. Furthermore, Plaintiff does not allege that Wells Fargo ratified any malicious conduct by its employees that may give rise to punitive damages. Therefore, the paragraphs in Plaintiff's Complaint alleging punitive damages in conclusory terms should be stricken.

## XVI.  CONCLUSION

Based on the foregoing, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Wells Fargo for violation of TILA, RESPA, FHA, ECOA, Unruh Act, fraud, B&PC, breach of the implied covenant of good faith and fair dealing or declaratory relief. Furthermore, Plaintiff's Complaint was filed three days before a Notice of Trustee's Sale of the Subject Property was recorded. Hence, her Complaint is an improper and frivolous attempt to delay or impede the foreclosure sale and shows that Plaintiff's Complaint is baseless.

Therefore, Wells Fargo respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety without leave to amend.

DATED:  August 26, 2009

                     SEVERSON & WERSON
                     A Professional Corporation


                     By:    /s/  Ryan K. Woodson
                     SUZANNE M. HANKINS
                     RYAN K. WOODSON
                     Attorneys for Defendant
                     WELLS FARGO BANK, N.A.
                     (erroneously sued as WELLS
                     FARGO, NA)

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California; my business address is Severson & Werson, The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s):

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF YOUNG BIN KIMBERLY LEE'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on all interested parties in said case addressed as follows:

Timothy D. Thurman, Esq.        Attorneys for Plaintiff YOUNG BIN
Sally A. Belderian, Esq.          KIMBERLY LEE
TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, CA 90010

☐ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☐ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **(BY EXPRESS MAIL)** By placing the above documents in the United States mail for Express Mail delivery at The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612, in a sealed envelope addressed as above, with Express Mail postage thereon fully prepaid.

☐ **(BY FAX)** By use of facsimile machine telephone number (949) 442-7118, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

☒ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

1  ☐ **(BY ELECTRONIC TRANSMISSION)** By sending a file of the above
2  documents(s) via electronic transmission (e-mail) at _____ am./pm. using
   e-mail address (___@severson.com) to the e-mail address designed for each party
3  identified above. I did not receive, within a reasonable time after the transmission,
   any electronic message or other indication that the transmission was unsuccessful.

4      I declare under penalty of perjury under the laws of the United States of
5  America that the foregoing is true and correct. I declare that I am employed in the
   office of a member of the Bar of this Court at whose direction the service was
6  made. This declaration is executed in Irvine, California, on August 26, 2009.

7                                          /s/ Terri A. Keller
8                                          TERRI A. KELLER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28